Clark v. The People.

New trial denied.

---

RICHARD R. CLARK, Plaintiff in Error, *v.* THE PEOPLE, &c., Defendants in Error.

(GENERAL TERM, THIRD DISTRICT, MAY, 1869.)

2   329,
82h 411

Where an indictment for obtaining property under false pretences, charged that the prisoner, with an intent to defraud one A. G., Jr., did " falsely pretend and represent to the said A. G., Jr., for the purpose of inducing the said A. G., Jr., to part with a yoke of oxen of the goods and chattels of the said A. G., Jr., that," &c., " by which said false pretences he," the prisoner " then did unlawfully obtain from the said A. G., Jr.," the oxen mentioned,—*Held*, that there was a substantial averment that the prisoner had obtained the property from the prosecutor by means of the false pre

Clark *v*. The People.

tences made, and the latter's belief therein, and that the indictment was not defective in that particular.

The case of *The State* v. *Philbrick* (31 Maine 401), commented upon and on this point disapproved.

Where it is charged in the indictment that the prisoner obtained the property upon the security of his promissory note through false and fraudulent representations as to his ability to pay the same, an averment of his neglect to make payment of the note is not essential.

ERROR from the Sullivan County Sessions.

The prisoner was indicted for obtaining property under false pretenses, and tried at a Court of Sessions held in the said county on the 16th day of November, 1868, and found guilty. The indictment charged that the prisoner, on the 28th day of May, 1867, at the town of Liberty in said county, "unlawfully, knowingly, and designedly did, with the intent to cheat and defraud one Abel Gregory, Jr., then and there being, falsely pretend and represent to the said Abel Gregory, Jr., for the purpose of inducing the said Abel Gregory to part with a yoke of oxen, of the goods and chattels of the said Abel Gregory, Jr., that he, the said Richard R. Clark, owned a farm, situated in the town of Fallsburgh, in said county of Sullivan, and a good stock of cattle thereon; that there were no incumbrances thereon; that he did not owe to exceed the sum of fifty dollars, and that he had large sums of money due him from responsible parties; by which said false pretences, he, the said Richard R. Clark, then did unlawfully obtain from the said Abel Gregory, Jr., one yoke of oxen, of the goods and chattels of the said Abel Gregory, Jr., of the value of $200, and gave him the said Abel Gregory, his promissory note therefor, due one day after date, with intent to defraud, and him, the said Abel Gregory, thereby did defraud out of his said oxen. Whereas in truth, and in fact, the said Richard R. Clark did not own a farm in the said town of Fallsburgh; that said farm and stock were not free from incumbrances; that he did owe more than fifty dollars, and that he had no debts due him, as he, the said Richard R. Clark, did then so falsely pretend and represent to the said Abel Gregory; and the said Richard R. Clark, at the

time he so falsely represented and pretended, as aforesaid, well knew the said pretences to be false, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

Upon the prisoner being found guilty his counsel moved the court to arrest the judgment, for the reason that the indictment on which the prisoner had been tried and convicted did not contain sufficient allegations and averments to constitute a crime; the court decided that the indictment was sufficient, denied the motion, and sentenced the prisoner to pay a fine of $400, and stand committed until said fine was paid. A writ of error was then sued out by the prisoner.

*A. C. Niven,* for the plaintiff in error.

*Benjamin Reynolds,* district attorney, for the defendants in error.

Present—MILLER, INGALLS and PECKHAM, JJ.

By the Court—MILLER, P. J.   It is a rule of law, well settled, that in an indictment all the ingredients of the offence with which the defendant is charged, the facts, circumstances and intent constituting it, must be set forth with certainty and precision, without any repugnancy or inconsistency, and the defendant must be charged directly and positively with having committed the crime. (Ar. Cr. Pl., 25.) This principle, which is applicable to criminal pleading, dates back to the earliest history of the criminal law, and has not been relaxed by the adoption of the Code of Procedure, by which more liberal rules of pleading are sanctioned in civil cases.

It is also held that in indictments for obtaining property under false pretences the charge must be explicit enough to support itself, and that the indictment must relate an intelligible story. It is not enough to state that the defendant, by a certain false pretence, effected the fraud; but the pretence, with all the material facts and circumstances appertaining to

the transaction, must be averred with due certainty. (*People* v. *Gates*, 13 Wend., 311, 322.) The gist of the offence in such cases consists in procuring the goods of another by false pretences with the intent to cheat and defraud. (*The People* v. *Kendall*, 25 Wend., 401.) It must be made to appear, with sufficient certainty by the indictment itself, that the owner of the property relied upon the false representations, and was induced by means thereof to part with his property. (*The People* v. *Herrick*, 13 Wend., 88; *The People* v. *Skiff*, 2 Park. Cr. Rep., 140.)

It is insisted by the counsel for the plaintiff in error that the indictment against him does not conform to the standard laid down in the authorities cited, and that it is defective and insufficient in not alleging that the prosecutor, Gregory, was induced to part with his property by reason of the false pretences stated, or that he believed the statements made by the plaintiff in error; and, acting under that belief, he parted with his property, or anything equivalent to such an averment. The indictment avers the intent, the inducement, the false pretences, and then charges that by said false pretences the prisoner did unlawfully obtain the oxen and gave his note therefor with the intent to defraud, and did thereby defraud the prosecutor. It also charges that the pretences were false, and that the prisoner knew them to be false. It will be observed that there is no positive and direct averment that the pretences alleged had any influence upon the mind of the prosecutor or induced him in any way to part with the oxen; and it would no doubt have been more strictly in accordance with the rules of pleading applicable to such cases, to have inserted an allegation embodying a charge of the character stated. It is however averred that by the false pretences alleged, the prisoner did obtain the property. This could not be true, in fact, unless the prosecutor believed the false pretences set forth to be true, and they had an influence upon his mind and induced him to part with the property. How could the prisoner obtain the oxen in the manner alleged, unless it was done by means of the false pretences operating upon his

Clark *v.* The People.

mind and influencing his judgment? The allegation that the prisoner made the representation for the purpose named, in connection with the subsequent averment that he did thus obtain the oxen, is equivalent to a statement that he believed the pretences to be true, and was induced thereby to part with the property. First is the inducement, and then follows the act of obtaining the oxen; the latter as a natural and inevitable consequence of the former. The fair and legitimate construction of the last allegation will warrant the inference, that inasmuch as the prosecutor was induced to part with the oxen that he believed the statements made, and thereby the oxen were unlawfully obtained.

I think that the plain and obvious meaning of the phraseology employed, is that the prisoner for the purpose of inducing Gregory to part with the oxen, made false representations which were believed by Gregory, by means of which, he was induced to deliver them. It cannot be supposed from the statement made, that he parted with the oxen for any other reason, nor that force, or any other consideration but the representations made, produced the result which followed.

It may be added that the indictment is drawn in conformity with precedents generally recognized. (Whart. Cr. L., 239; Ar. Cr. Pldg., 4th G. & B. Ed., 275,) and although in some of the reported cases, the indictment contains an averment that the prosecutor believed the false pretences, and was induced thereby to deliver the property, yet, in none of them was any question of this character raised. (13 Wend., 111; 4 Barb., 151; 2 Park. Cr. R., 140.)

In *The State* v. *Philbrick* (31 Maine, 401), it was held that the indictment is defective, unless it set forth that the false pretences were made with a view to effect the sale or exchange of property, and that, by reason thereof, the party was induced to part with his property. This case is directly in point, and sustains the position taken by the counsel for the plaintiff in error.

The opinion of the court does not discuss very much at length the principle involved, and I think the conclusion

arrived at is not based upon any sound reason. *The Commonwealth* v. *Strain* (10 Metc., 521), is cited as authority for the same doctrine; but in that case there is no allegation in the indictment that the representations were made in order to induce the prosecutor to part with his property, and the case was decided upon other grounds.

It is undoubtedly the rule in civil cases that in an action for deceit or fraud in the sale of property induced or procured by the false representations, that the complaint must aver that the false representations were made with an intent to induce the purchaser to make the purchase or trade in question, and that they did induce such sale; but it is enough if there is anything in substance which amounts to an allegation of this character. (*Barber* v. *Morgan*, 51 Barb., 133.) Not less should be required in indictments for false pretences. But I think when the indictment charges that the pretences were made for the purpose of inducing the party to part with his property, and that by such pretences the property was obtained, it is a substantial compliance with the rule referred to. Upon such an allegation the people would be compelled to prove that the party defrauded was deceived by the pretences, and of course he believed them, and if they failed to do so the prisoner could not be convicted.

I think it is not necessary that the indictment should aver that the prisoner did not pay the note. The allegation that the property was fraudulently obtained, shows that the crime was consummated, and payment of the note, after this, would not blot out the offence or atone for its commission. It was not material, therefore, to allege that the note was not paid.

As there was no error in denying the motion in arrest of judgment, the conviction must be affirmed and the sentence enforced.

Conviction affirmed