## PEOPLE *v.* RICE.

(*Supreme Court, General Term, Fifth Department.* January 24, 1891.)

1. LARCENY—INDICTMENT—SEVERAL COUNTS.
   Under Code Crim. Proc. N. Y. § 279, an indictment for a grand larceny may charge, "in separate counts," that the crime was "committed in a different manner or by different means."

2. SAME—FALSE PRETENSES.
   An indictment for grand larceny charged defendant with stealing a certain sum of money, under the following circumstances: That he was employed by the county board to make repairs and to furnish materials in the plumbing and ventilating of the court-house, and that in his bill therefor, which was fully paid, he falsely pretended that he had furnished a quantity of material in excess of what he actually furnished, "with intent to defraud and deprive the county of its money," etc., and that, "by color and aid of the false and fraudulent representations," he did steal the said sum. *Held*, that the indictment was not demurrable for failure to allege that the money was paid defendant in reliance on such false representations.

3. SAME—EVIDENCE—QUESTION FOR JURY.
   It is a question for the jury whether these representations are such as ought to have misled a reasonably prudent man.

4. SAME—FALSE PRETENSES—FALSE TOKENS.
   Under Pen. Code N. Y. § 528, which declares that a person is guilty of larceny who obtains property from the possession of the owner "by color or aid of fraudulent or false representations or pretenses, or of any false token or writing," it is not essential to constitute the offense that there should be a false token or writing.

Appeal from court of oyer and terminer, Monroe county.

Defendant, Edward L. Rice, was indicted for grand larceny in the first degree. His demurrer to the indictment was sustained, and the people appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George A. Benton,* Dist. Atty., for appellant. *John Van Voorhis,* for respondent.

DWIGHT, P. J. The defendant was indicted for the crime of grand larceny in the first degree, which is "charged in (three) separate counts to have been committed in a different manner or by different means." Code Crim. Proc. § 279. The defendant demurred to the indictment generally, specifying as grounds of his demurrer: (1) That the facts stated in the indictment do not constitute a crime, or the crime of larceny in any degree; (2, 3, 4) that the facts stated in the first, second, and third counts, respectively, do not constitute the crime of larceny in any degree, or any crime, and, in respect to the second and third counts, respectively, that the facts and circumstances which constitute the crime are not stated as required by law; (5) that counts for more th n one crime are improperly united in the indictment, and more than

one crime is charged therein, within the meaning of sections 278 and 279 of the Code of Criminal Procedure; (6) that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure, in that it does not specify the name of the court to which the indictment is presented, and in that it does not contain a plain and concise statement of the act or acts constituting the crime.

The sixth objection or ground of demurrer is not tenable: (1) The indictment, as set out in the record, contains the title of the action, specifying the name of the court to which the indictment was presented. Section 275, subd. 1. (2) The indictment upon its face purports to state the act or acts constituting the crime, and the manner of such statement is commendably plain and concise. Id. § 2.

The fifth objection or ground of demurrer is not tenable, because the indictment charges in its several counts only one crime, viz., grand larceny in the first degree, (section 278,) although that crime is "charged in separate counts to have been committed in a different manner or by different means," which is expressly permitted by the statute, (section 279.)

The remaining four objections or grounds of demurrer are all embraced in the first, because that objection embraces all the counts. The demurrer is to the whole indictment, and the indictment is good if either count is good. That being the case, we are at a loss to understand how this demurrer could have been allowed in the face of the third count of the indictment. That count is in these words: "*Third Count.* And the grand jury of the county of Monroe by this indictment further accuses the said Edward J. Rice of the crime of grand larceny in the first degree, committed as follows: The said Edward J. Rice, on the 9th day of May, in the year of our Lord 1889, at the city of Rochester, in this county, seven hundred and twenty-nine dollars and thirty-one cents, ($729.31,) good and lawful money of the United States and of this state, in bank-bills, bank-notes, gold and silver certificates, United States treasury notes, gold, silver, nickel, and copper coins, the denominations, dates," etc., "to this grand jury unknown, and a more specific description thereof cannot therefore be given, but of the value of seven hundred and twenty-nine dollars and thirty-one cents, ($729.31,) of the goods, chattels, and personal property of the county of Monroe, said county of Monroe then and there being a body corporate, duly created, organized, and existing under and by virtue of the laws of the state of New York, unlawfully and feloniously did take, steal, and carry away from the premises of the county of Monroe, with the intent then and there to deprive and defraud the said county of Monroe of its said goods, chattels, and personal property, and of the use and benefit thereof, and to appropriate the same to the use of himself, said Edward J. Rice, contrary to the form of the statute in such case made and provided, and against the peace of the people of the state of New York, and their dignity." We are not able to see that this count lacks anything of the requisites of a good indictment for the crime charged, committed by the means of taking, stealing, and carrying away. If not, then the indictment was good, and the demurrer to the indictment, generally, should have been disallowed. But we are aware, from the course of the argument on this appeal, that the people will not rely, on the trial, upon proving the crime charged to have been committed in the manner and by the means set forth in the third count, but rather upon proving it to have been committed in the manner and by the means of false and fraudulent pretenses alleged and set forth in the first count in the indictment. In order, therefore, to anticipate future objections, and avoid unnecessary delays in the prosecution of the action, it is proper that we should extend our examination to the allegations of the first count, and inquire whether that count is obnoxious to the objections taken to it by the demurrer, and especially to the single objection upon which, as appears by the opinion of the learned judge at the oyer and terminer, the de-

murrer was allowed. The first count accuses the defendant of the crime of grand larceny in the first degree, "committed as follows." It then proceeds to charge that the defendant on the 9th day of May, 1889, at Rochester, in said county, did steal, take, and carry away the sum of $729.81, lawful money of, etc., of the money, personal property, etc., of the county of Monroe, in manner following, that is to say. It then proceeds to allege the corporate character of the county of Monroe; that it exercised corporate powers by its board of supervisors; that such board, by its duly-authorized trustees of court-house and jail, contracted with the defendant to make certain repairs, and furnish materials therefor, in the plumbing, steam-heating, and ventilating apparatus of the court-house in Rochester; that the defendant made such repairs and furnished materials therefor, and presented to said trustees a bill for such materials, which was fully paid by said county upon orders drawn by said trustees; that the defendant "did falsely, fraudulently, and feloniously represent, pretend, and say, and include in his bill presented to said trustees," that he had furnished certain quantities of various kinds of materials at prices charged, all of which quantities, kinds, and prices are specified in detail in the indictment, "which said representations said Edward J. Rice, the statements so made being among others in his said bill, then and there well knew to be false and untrue, and made and included in said bill, with intent to cheat and defraud the said county of Monroe of its money and property, and to appropriate the same to his own use," etc. The indictment then proceeds to negative in detail the said several representations in respect to the amount of each of the kinds of material before specified, furnished by the defendant, and to state the less amount of each which was, in truth and in fact, and as the defendant well knew, furnished by him in the making of such repairs, (the excess in price of the quanties charged over the quantities actually furnished as alleged, at the same rates of prices, is the sum of $729.81.) And the count concludes with an allegation in these words: "And so this grand jury accuse said Edward J. Rice that, with intent to deprive and defraud the county of Monroe of its money and property, and of the use and benefit thereof, and to appropriate the same to his own use, and to the use of some other person or persons to the grand jury unknown, he did then and there, as aforesaid, take from the possession of the said county of Monroe, the true owner thereof, and did obtain possession of said money, to-wit, said sum of $729.81, by color or aid of the false and fraudulent representations, pretenses, false tokens, and writings aforesaid, and so did steal said sum of $729.81, contrary to the form of the statute," etc. The demurrer to this indictment was allowed on the ground that it "is insufficient because it nowhere contains any allegation that the money was paid by the committee in reliance upon the false statement of the defendant, nor any allegation equivalent thereto," and the two cases in this state cited in support of the ruling are *People* v. *Dumar*, 106 N. Y. 502, 13 N. E. Rep. 325; and *Clark* v. *People*, 2 Lans. 329. Neither of the cases is authority for the proposition that the allegation of this indictment, viz., that the money was obtained "by color or aid of" the false and fraudulent representation, following, as it does, the language of the statute, is not equivalent to the allegation, in that respect, usually employed, viz., that the end was accomplished "by means of" the fraudulent representation. In the *Case of Dumar* the question was not as to the sufficiency of the indictment, but a question of variance between pleadings and proof; where, as Judge DANFORTH very tersely said, "what was alleged was not proved, and what was proved was not alleged." The indictment made no allegation whatever of false pretenses, and false pretenses was the burden of the evidence. In the case of *Clark* v. *People*, *supra*, the language was, "by which said false pretenses he then did unlawfully obtain," etc., and that was held to be "a substantial averment that the prisoner had obtained the property from the prosecutor by means of the false pretenses made, and of

the latter's belief therein, and that the indictment was not defective in that particular." The quotation is from the head-note, which is fully borne out by the opinion of MILLER, J., concurred in by INGALLS and PECKHAM, SR., JJ., and the entire argument fully sustains the position of the district attorney in this case. Certainly, to allege that the property was obtained by the false pretense, etc., is no stronger than to allege that it was obtained by color or aid of the false pretense, etc. The opinion in that case repeats and enforces, in various forms, the proposition that the fact that the property was obtained by the false pretenses necessarily implies that the owner of the property relied upon those pretenses. Indeed, the opinion at oyer and terminer in this case substantially affirms the same proposition, in the words: "It is quite plain that, unless the owner delivered the money in part reliance, at least, upon the false representations, it cannot be said that possession of it was obtained by aid of them." All the authorities and precedents are substantially to the same effect on this question. The form contained in Archb. Pr. & Pl. (Pomeroy's Ed.) p. 1376, gives a form identical in this respect with that used in the *Case of Clark, supra,* viz., "by which said false pretense he, the said A. B., then unlawfully did obtain," etc., and the cases on this point cited in the American notes are all substantially to the same purpose.

The other objection, and that mainly urged by counsel for the defendant, is that the false pretenses were not such as could or ought to have deceived or misled an ordinarily prudent man; and he cited many cases, chiefly English, to the effect that a false statement of the amount or quantity of goods or commodities sold and delivered is not a representation which will support an indictment for false pretenses. Such is undoubtedly the rule in cases like those referred to. This case seems to be of a different character. Here was no delivery of goods to a buyer, but the use and employment by the defendant, in the repairs of the piping, the plumbing, and the steam-fitting of a public building, of large quantities of soil pipe, lead pipe, sheet lead, solder, and oakum, which, when put in place, must have been in large part hidden from the eye, and altogether beyond the estimate of any but an expert in the same trade or calling. In such a case the rule must apply with special force that the question of the reasonable effect of the representations is a question for the jury. The argument of counsel for the defendant, that there was in this case no "false token" or "false writing," within the meaning of the statute, seems to us sound, and well supported by authority. But neither the false token nor the false writing of the statute is required in order to make a case of false pretenses. The statute reads: "A person who, with intent to deprive or defraud the true owner of his property," etc., "either (1) takes from the possession of the true owner, * * * or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing, * * * any money," etc., "steals such property, and is guilty of larceny." Pen. Code, § 528. The indictment in this case charges the crime in the language of the statute, and fully and plainly recounts the acts alleged to constitute the crime. It seems to us not to be obnoxious to any of the objections suggested by the demurrer or argued by counsel. The judgment appealed from should be reversed, and the case remitted to the oyer and terminer of Monroe county, to proceed therein. All concur.