PEOPLE ex rel. CORNETT v. WARDEN OF CITY PRISON OF BROOKLYN.

(Supreme Court, Special Term, Kings County. October, 1908.)

1. EXTRADITION—FUGITIVE FROM JUSTICE—CHARGE.
    Under the express provisions of Code Cr. Proc. § 827, an alleged fugitive from justice from another state cannot be apprehended in New York, unless he is legally charged with a crime.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Extradition, § 31.]

2. SAME—CONSTITUTIONAL AND STATUTORY PROVISIONS.
    The Constitution and federal and state statutes regulating extradition apply only to persons charged with felony or other crime.

3. SAME—"CHARGED."
    A fugitive from justice is "charged" with a crime, within the extradition law, only when he is charged lawfully by a person who has knowledge of its commission, or is possessed of information, which he states under oath, leading a reasonable and fair mind to infer its commission.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1069–1070.]

4. SAME—AFFIDAVIT—INFORMATION AND BELIEF.
    An affidavit made before an officer in another state, charging relator on information and belief with a felony committed in that state, without stating the grounds of affiant's belief or the sources of his information, was insufficient to sustain a warrant for relator's arrest in New York in extradition proceedings.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Extradition, § 38.]

5. SAME.
    Where a Pennsylvania affidavit charging relator with a felony was fatally defective, because made on information and belief, without stating the sources of affiant's information or the grounds of his belief, an affidavit in New York for relator's arrest there in extradition proceedings, also on information and belief, was insufficient to sustain the warrant, where it stated the Pennsylvania affidavit as the only source of affiant's information and ground of his belief.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Extradition, § 38.]

Habeas corpus by the people, on the relation of Harry Cornett, against the Warden of the City Prison of Brooklyn. Writ granted, and relator discharged.

John D. Barben (William Hurley, of counsel), for relator.
John F. Clarke, Dist. Atty. (Peter P. Smith, of counsel), for respondent.

STAPLETON, J. The relator asks for a final order discharging him in a proceeding on return of habeas corpus. A magistrate of the city of New York issued his warrant as a preliminary proceeding to the issuing of a requisition by the Governor of the state of Pennsylvania upon the Governor of the state of New York for the apprehension of relator, Harry Cornett, alleged to have been charged with

burglary in the state of Pennsylvania, to have fled from justice in that state, and to have been found within this state. The warrant of the magistrate was issued upon the affidavit of one Francis S. Carberry, attached to the detective bureau of the city of New York, whose affidavit is predicated upon an information sworn to before an alderman of the city of Easton, county of Northampton, commonwealth of Pennsylvania, and a warrant issued thereon by said alderman. The information laid before the alderman is as follows:

"The Commonwealth of Pennsylvania.

"County of Northampton—ss.

"Before me, the subscriber, one of the aldermen in and for the county aforesaid, personally came Jacob Johnson, county detective, of the city of Easton, county of Northampton, Pa., who upon his solemn oath according to law saith, on information received which he believes to be true, one Harry Cornett did on December 10th, A. D. 1907, in the nighttime, feloniously and burglariously break and enter the cigar store of J. P. Medernack, at Bethlehem, Pa., aforesaid county and state, and 2 Doz. meerschaum pipes, 1½ Doz. briar pipes in cases, ½ Doz. amber cigar holders in cases, ½ Doz. amber cigar holders without cases, 1 Doz. amber cigarette holders in cases, 1 Doz. brier pipes, amber bits, without cases, 1 pair platinum and gold cuff links, Chinese heads, and five dollars in money, were feloniously and burglariously stolen, taken, and carried away, to the value of $440, more or less, contrary to the act of assembly in such cases made and provided, and further saith not.

"Jacob Johnson.

"Sworn to and subscribed before me this 23d day of March, 1908.

"Howard J. Reed, Alderman,

"Alderman 4th Ward, Easton, Northampton Co., Penna. Office, 419 Northampton St. Commission expires first Monday May, 1912."

It will be observed it states no fact which charges the relator with the commission of a crime. Unless he be charged with the commission of a crime, he cannot be apprehended here as a fugitive from justice or delivered to another jurisdiction. Section 827, Code Cr. Proc. The informant simply swears to his belief, without stating the ground thereof or the sources of information which would lead thereto. He should have incorporated in the information the facts upon which his belief was based, to enable the court to judge of its sufficiency. The language of the Constitution and federal and state statutes covering this situation applies only to persons charged with a felony or other crime. The unsubstantiated belief, surmise, guess, suspicion, or intuition of a police official is not a charge of crime.

It was argued that the information in the proceeding in this state stated the affiant's source of information and ground of the belief. Granting this contention, the source of information and ground of belief was the insufficient information laid in Pennsylvania. That the fugitive must be charged with crime (which means charged lawfully by a person who has knowledge of its commission, or is possessed of information, which he must state under oath, which would lead a reasonable and fair mind to infer its commission) is the primary and indispensable requirement to the institution of proceedings against a fugitive from the justice of a foreign jurisdiction. This is not a case of defective or inaccurate complaint, the rectification or other disposition of which should be left to the foreign court. It is a case

of no complaint, no charge, as those terms have legal significance. The authorities of this state must be legally apprised of the facts upon which the constitutional and statutory duty to deliver a citizen, inhabitant, or temporary resident of this state depends.

The law has been recently restated by the Court of Appeals, in People ex rel. Livingston v. Wyatt, 186 N. Y. 386, at page 392, 79 N. E. 330, at page 333, 10 L. R. A. (N. S.) 159:

"Suspicion is not enough, and information and belief are not enough, unless facts are stated showing the source of the information and the grounds of belief. The information should fairly warrant the inference by the magistrate that in good faith and on reasonable grounds the complainant believes that a definite crime has been committed by a designated person."

In the light of this rule it is impossible to hold, upon the information and warrant lodged against the relator in the state of Pennsylvania, that the relator was charged with a crime, and fled from justice, and was found within this state. The magistrate here, therefore, had no jurisdiction to issue his warrant, and the relator is unlawfully restrained in his liberty under that warrant. It was suggested on the argument, perhaps irrelevantly, that the relator was not a desirable person. He is entitled, however, together with all citizens, to such protection as the law gives to all. It is important that the proper demands of other states should be respected, fugitives should be apprehended, and crime should be punished; but it is far more important that unauthorized arrests should not be countenanced. There are abundant authorities, culling from which is needless, compelling the determination about to be made. Hyatt v. People ex rel. Cockran, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250; Ex parte Joseph Smith, 3 McLean, 121, 135, 136, Fed. Cas. No. 12,968; Lawrence v. Brady, 56 N. Y. 182.

Let a final order be entered discharging the relator forthwith, unless he be held under some other process or warrant.