PEOPLE ex rel. HIMMELSTEIN v. BAKER, Police Com'r, et al.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

FALSE PRETENSES (§§ 31, 36*)—INDICTMENT—SUFFICIENCY.

The indictment alleged that accused, devising and intending to cheat and defraud another of his money and chattels, unlawfully, knowingly, and designedly did falsely represent to such other that he owned a certain unincumbered tract of land of a stated value and two stores, and at the same time and place he indorsed notes for A. to a certain amount, which notes were to secure payment for a house sold to A., whereas such representations were untrue, that he was not the owner of said real estate and stores, thereby defrauding the person to whom the representations were made out of said goods, valued at $810, as accused then and there knew, and all of which false pretenses he knew to be false; by means of which he unlawfully, knowingly, and designedly obtained from such other $810, being the property of such other, with intent to cheat and defraud him. The indictment was objected to for not showing that the house would not have been sold to A. but for such representations, or that A. or accused did not pay the note, or that the person to whom the representations were made relied on them and was injured thereby. *Held*, that the objections were untenable.

[Ed. Note.—For other cases, see False Pretenses, Dec. Dig. §§ 31, 36.*]

Appeal from Kings County Court.

Habeas corpus proceedings by the People, on the relation of Isaac Himmelstein, against William F. Baker, Police Commissioner of the City of New York, and others. From an order dismissing the writ, relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Horace London (Mitchell May, on the brief), for appellant.

Peter P. Smith, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for respondents.

JENKS, J. This is an appeal from an order of the County Court of Kings County, dismissing a writ of habeas corpus. The Governor of New York issued a warrant of extradition of the relator to the authorities of New Jersey. It appeared that the demand of the Governor of New Jersey was based upon the indictment of the relator for the crime of false pretenses. The release of the relator was sought upon the ground that the indictment fails to state the crime of false pretenses or any other crime.

There is a distinction drawn in cases of extradition when the demand rests upon an information on affidavit and when it rests upon an indictment. In People ex rel. Lawrence v. Brady, 56 N. Y. 182, a reason for the distinction is pointed out, in that one is merely the ex parte statement of the accuser, and the other is "found by a body standing indifferent between the parties, and charged, upon oath, to

inquire of offenses, and which is supposed to act upon competent proof in finding the bill." Moore on Extradition, § 638, says:

"In People v. Brady the court drew a distinction between the examination of an indictment and of an affidavit to ascertain whether a crime was charged in the demanding state, and expressed the view that the former paper must be regarded as possessing higher validity as evidence of such a charge. This distinction was referred to by the Court of Appeals again in the case of People v. Pinkerton, where the warrant recited that the charge was made by indictment. It is believed that there is no case in which a court has on habeas corpus discharged a fugitive on a rendition warrant on the ground that an indictment accompanying the requisition did not constitute or contain a sufficient charge of crime."

People ex rel. Draper v. Pinkerton, supra, is reported in 77 N. Y. 247.

In Davis's Case, 122 Mass. 324, the court say:

"When an indictment appears to have been returned by a grand jury, and is certified as authentic by the Governor of the other state, and substantially charges a crime, this court cannot, on habeas corpus, discharge the prisoner because of formal defects in the indictment; but the sufficiency of the charge as a matter of technical pleading is to be tried and determined in the state in which the indictment was found."

See, too, In re Greenough, 31 Vt. 279.

It appears that, under the statutes of New Jersey, the obtaining of money by false pretenses is a crime. Gen. St. N. J. vol. 1, p. 108.

The indictment is as follows:

"In the Court of Oyer and Terminer of Monmouth County, October Term, in the year of our Lord one thousand nine hundred and nine.

"Monmouth County, to wit, the Grand Inquest of the State of New Jersey in and for the body of the County of Monmouth, upon their respective oaths, present: that Isaac Himmelstein, late of the township of Neptune, in the said county of Monmouth, on the nineteenth day of April, in the year of our Lord one thousand nine hundred and nine, with force and arms, at the township of Neptune aforesaid, in the county of Monmouth, and within the jurisdiction of this court, devising and intending to cheat and defraud one Frederick D. Hurley of his goods, moneys, chattels and property, unlawfully, knowingly and designedly did falsely represent, pretend and say to the said Frederick D. Hurley that he was the owner of a certain tract of real estate in the city of New York valued at eleven thousand dollars, that he had a deed for the said real estate in his own name and that it was free and clear of all incumbrances whatsoever, that he was the owner of two stores one in New York and one in Brooklyn, run in his own name and at the same time and place he indorsed notes for one A. Himmelstein to the amount of two hundred and fifty dollars which note was to secure the payment of a certain house sold to A. Himmelstein, whereas in truth and in fact such representations were untrue, that he was not the owner of said real estate and stores at that time, thereby defrauding the said complainant Frederick D. Hurley out of the said goods valued in all at the sum of eight hundred and ten dollars as he, the said Isaac Himmelstein, then and there well knew, and all of which said false pretense and pretenses the said Isaac Himmelstein then and there well knew to be false; by color and means of which said false pretense and pretenses he, the said Isaac Himmelstein, did then and there unlawfully, knowingly, and designedly obtain from the said Frederick D. Hurley eight hundred and ten dollars of the value of eight hundred and ten dollars, being then and there the property of the said Frederick D. Hurley, with intent to cheat and defraud the said Frederick D. Hurley, to the great damage of the said Frederick D. Hurley, contrary to the form of the statutes in such case made and provided, and against the peace of this state, the government and dignity of the same."

We see that the time, place, and jurisdiction are stated, scienter is averred, the intent is charged, the character of the false pretenses is specified, the name of the defrauded person is given, and it is set forth that by color and means of such false pretenses the defendant then and there unlawfully and fraudulently obtained $810. The criticism of the learned counsel for the appellant, in his own language, is as follows:

"Not a word that the house would not have been sold to A. Himmelstein but for those representations, that A. Himmelstein did not pay the note, that the relator did not pay the note, that the complainant relied on the representations, and that because he acted in reliance on same he was injured."

I think these objections are fully met and disposed of by the decision in Clark v. People, 2 Lans. 329, where like contentions were made. See, too, People v. Jefferey, 82 Hun, 409, 31 N. Y. Supp. 267; State v. King, 67 N. H. 219, 34 Atl. 461; Commonwealth v. Coe, 115 Mass. 481; State v. Butler, 47 Minn. 483, 50 N. W. 532; Skiff v. People, 2 Parker, Cr. R. 139.

The order is affirmed.

HIRSCHBERG, P. J., and RICH and CARR, JJ., concur. BURR, J., concurs upon the ground that the sufficiency of the indictment cannot be considered in these proceedings.