THE PEOPLE OF THE STATE OF NEW YORK ex rel. FELIX DE MARTINI, Appellant, *v.* GEORGE V. McLAUGHLIN, as Police Commissioner of the City of New York, Respondent.

**Crimes — extradition — practice — affidavits closely scrutinized when sole basis for application for extradition — insufficient charge of crime to warrant extradition.**

1. When extradition is sought on the basis of an indictment, the forms of pleading established in the demanding State will be accepted as sufficient by the courts of the State in which the fugitive is seized, but when extradition is sought on the basis of an affidavit there is need for closer scrutiny.

2. Where the affidavits in support of an application for extradition, when read together, are seen to proceed upon information and belief, and where also the charges are vague, indefinite and general, and are made without specification of the sources of information or the grounds of belief, and, if accepted at their face value, omit a basic element of guilt, in that the prisoner, prosecuted as an accessory after the fact, is not stated to have had knowledge of the guilt of the principal offenders, the conclusion follows that neither formally nor substantially is there a sufficient charge of crime to warrant extradition.

*People ex rel. de Martini* v. *McLaughlin,* 218 App. Div. 738, reversed.

(Argued October 20, 1926; decided October 22, 1926.)

27

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 15, 1926, which affirmed two orders of Special Term dismissing writs of habeas corpus in extradition proceedings.

*John McKim Minton, Jr.,* and *William L. F. Gardiner* for appellant. The affidavit does not charge the relator with the commission of a crime. (*People ex rel. Lawrence* v. *Brady,* 56 N. Y. 186; *The Queen* v. *Butterfield,* 1 Cox's Cr. Cases, 39; *Commonwealth* v. *Filburn,* 119 Mass. 297; *State* v. *Naughton,* 221 Mo. 398; *People* v. *Dunn,* 53 Hun, 381; *People ex rel. Draper* v. *Pinkerton,* 77 N. Y. 245; *People ex rel. Nubell* v. *Byrnes,* 33 Hun, 98; *People ex rel. Himmelstein* v. *Baker,* 137 App. Div. 824; *People ex rel. MacSherry* v. *Enright,* 112 Misc. Rep. 568; 196 App. Div. 964; *Davis' Case,* 122 Mass. 324; *Matter of Greenough,* 31 Vt. 278.)

*Charles J. Dodd, District Attorney (Harry S. Sullivan* of counsel), for respondent. The sufficiency of an affidavit accompanying an extradition warrant may not be determined by the courts of this State, but is to be decided solely by the courts of the demanding State. (2 Moore on Extradition, § 638; *Hogan* v. *O'Neill,* 255 U. S. 52; *Biddinger* v. *Commissioner of Police,* 245 U. S. 134; *Pierce* v. *Creecy,* 210 U. S. 387; *People ex rel. McNichols* v. *Pease,* 207 U. S. 100; *People ex rel. Marshall* v. *Moore,* 167 App. Div. 479; 217 N. Y. 632; *People ex rel. Meeker* v. *Baker,* 142 App. Div. 598; *Ex Parte Pearce,* 32 Tex. App. 301; 155 U. S. 311; *Matter of Roberts,* 24 Fed. Rep. 132; 116 U. S. 80; *Davis' Case,* 122 Mass. 324; *Matter of Greenough,* 31 Vt. 279; *State* v. *Clough,* 71 N. H. 594; 196 U. S. 364; *State* v. *O'Connor,* 38 Minn. 243; *Ex Parte Swearingen,* 13 S. C. 74; *Leary's Case,* 6 Abb. N. C. 43.) The affidavit or information is sufficient in law upon which to base extradition proceedings. (*People ex rel.*

*Sandman* v. *Tuthill,* 79 App. Div. 24; *People ex rel. Perkins* v. *Moss,* 113 App. Div. 329; 187 N. Y. 410; *Matter of Manchester,* 5 Cal. 237; *Ex Parte Power,* 20 Fla. 806; *Matter of Keller,* 36 Fed. Rep. 681; *Kurtz* v. *State,* 22 Fla. 36.)

*Per Curiam.* We think the affidavits submitted in support of the requisition fail to charge the appellant with the commission of a crime. (*People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182; *People ex rel. Jourdan* v. *Donohue,* 84 N. Y. 438; *People ex rel. Corkran* v. *Hyatt,* 172 N. Y. 176, 191, 195.)

When extradition is sought on the basis of an indictment, the forms of pleading established in the demanding State will be accepted as sufficient by the courts of the State in which the fugitive is seized (*Hogan* v. *O'Neill,* 255 U. S. 52; *Pierce* v. *Creecy,* 210 U. S. 387; *People ex rel. Marshall* v. *Moore,* 167 App. Div. 479; affd., 217 N. Y. 632). The finding of an indictment presupposes the testimony of witnesses before a grand jury, and is thus a safeguard against a removal that is ignorant or wanton (*Matter of Strauss,* 197 U. S. 324, 332). When extradition is sought on the basis of an affidavit, there is need for closer scrutiny (*People ex rel. Lawrence* v. *Brady, supra; People ex rel. Himmelstein* v. *Baker,* 137 App. Div. 824; *Davis' Case,* 122 Mass. 324, 327, 330). The affidavits in this case, when read together, are seen to proceed upon information and belief, though one of them, if read alone, suggests a profession of knowledge that is erroneous and unwarranted. The charges are vague, indefinite and general. They are made without specification of the sources of information or the grounds of belief (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 391). If they are accepted at their face value, they still omit a basic element of guilt, in that the prisoner, prosecuted as an accessory after the fact, is not stated to have had knowledge of the guilt of the prin-

cipal offenders (Wharton Crim. Law [11th ed.], § 282). There is room for argument that any one of these grounds of criticism, standing alone, would be inadequate. Our duty is to weigh them in their cumulative significance. We think the danger of a removal that is merely ignorant or wanton would be extended beyond precedent if affidavits so defective were to be accepted as a basis of extradition. Neither formally nor substantially is there a sufficient charge of crime.

The orders of the Appellate Division and of the Special Term should be reversed, and the discharge of the relator ordered.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Ordered accordingly.