THE PEOPLE OF THE STATE OF NEW YORK ex rel. ———— KASSIN, Relator, *v.* SHERIFF OF NEW YORK COUNTY and Another, Respondents.

Supreme Court, New York County, June 13, 1933.

*David P. Siegel*, for the relator.

*Thomas C. T. Crain, District Attorney*, for the respondents.

SHIENTAG, J. The question raised on this writ of habeas corpus is the sufficiency of the papers upon which the Governor of New York honored a requisition for extradition from the State of Florida.

The requisition is based on a warrant issued by a justice of the peace on an affidavit made by one George J. Avent. The affiant does not disclose who he is, what his position or occupation is, or what his relation is to the case. He does not even give his age or address; nothing is shown that would indicate that affiant has any personal knowledge with regard to the charge made. If proceedings in the demanding State had been based on an indictment or information the court would not examine closely into the sufficiency thereof. Certainly, technical defects would be ignored for " the finding of an indictment presupposes the testimony of witnesses before a grand jury, and is thus a safeguard against a removal that is ignorant or wanton." (*People ex rel. Di Martini* v. *McLaughlin*, 243 N. Y. 417, 419. See, also, *Hogan* v. *O' Neill*, 255 U. S. 52; *People ex rel. Marshall* v. *Moore*, 167 App. Div. 479; affd., 217 N. Y. 632.)

Where, however, extradition is sought on the strength of an affidavit made by one who does not disclose the sources of his knowledge there is need for closer scrutiny. (*People ex rel. Di Martini* v. *McLaughlin, supra*.) " Requisitions for persons stigmatized as fugitives from justice, when issued, as in the case at bar, on mere *ex parte* affidavit, and not founded upon indictment, are liable to abuse. Little care can be taken to obtain the real facts of the case by the officers issuing a requisition. Papers are prepared and the demand issued, often in the most perfunctory manner; and it is impracticable for the governor, to whom the requisition is addressed, to inquire into the merits of the proceeding." (*Matter of Slauson*, 73 Fed. 666.) In *People ex rel. Lawrence* v. *Brady* (56 N. Y. 182) the Court of Appeals, in sustaining a writ of habeas corpus based upon a warrant of extradition, said: " The question of his [the defendant's] guilt or innocence is wholly irrelevant in determining the action of the executive of the State upon which the demand is made. That question is to be investigated and determined by the courts of the State where the alleged crime was committed. But there must be a charge of crime existing against the fugitive in the State demanding his surrender, before the demand can legally be made, and it was said by TANEY, Ch. J., in *Com. of Kentucky* v. *Dennison* (24 How. [U. S.] 104) that it must be a charge made in the regular course of judicial proceedings. * * * It is evident that it is a condition precedent to the obligation to surrender that the authorities should be apprised of the existence of the facts upon which the duty depends. * * * It cannot be held that any less degree of certainty is admissible in an affidavit charging the conspiracy, than is required in an indictment for the same offense. *If any distinction exists in this respect the*

*affidavit should be the more full and specific. It is usually the ex parte statement of the accuser. An indictment is found by a body standing indifferent between the parties, and charged, upon oath, to inquire of offences, and which is supposed to act upon competent proof in finding the bill."* Courts should be extremely liberal in extradition proceedings. Substance rather than form should govern. But the line must be drawn somewhere. There is some irreducible minimum. To extradite on an affidavit which in form and substance would be insufficient even to warrant the granting of an order for a bill of particulars in a civil action would make a mockery of the law of interstate rendition. The writ is accordingly sustained and the relator ordered discharged.