The People of the State of New York ex rel. Leo Namlik, Relator, against Michael F. Wagner, as Sheriff of Erie County, Defendant.

Supreme Court, Special Term, Erie County, September 16, 1955.

*John Dillon* for relator.

*John F. Dwyer, District Attorney (George A. Metz* of counsel), for defendant.

VANDERMEULEN, J. This is a habeas corpus proceeding instituted by the relator who was arrested under a rendition warrant issued by George B. De Luca, Lieutenant Governor and Acting Governor of the State of New York, dated July 28, 1955, and is now held by the defendant in the Erie County jail. The relator is sought to be extradited to the State of West Virginia to stand trial for the alleged crime of breaking and entering committed in Ohio County in May, 1955.

The requisition of the Governor of the State of West Virginia states that the relator, Leo Namlik, stands charged with the crime of "Breaking and Entering (a Felony)" committed in the County of Ohio of that State. The prosecuting attorney, Joseph A. Gompers, of Ohio County, in his application to the Governor for a requisition makes similar allegations but states that the crime was committed on the — day of May, 1955. There is an affidavit made July 18, 1955, by the prosecuting attorney in which he states that the relator is a fugitive from justice and

that extradition is sought in good faith. The affidavit states no facts relating to the commission of the crime charged.

The only documents among the requisition papers that state any facts in relation to the crime charged are (a) a warrant issued by C. J. FISHER, a Justice of the Peace of Centre District, County of Ohio, and (b) an "information for a warrant" containing a statement sworn to by Harry Wolf "Detective". It will be found that these documents refer to different alleged crimes of breaking and entering.

The warrant referred to issued May 17, 1955, by C. J. FISHER, a Justice of the Peace, which is not sworn to, is addressed to any police officer of Wheeling, W. Va., and reads in part: "Whereas Harry Wolf Detective has this day made complaint and information on oath before me * * * that Leo Namlik on the — day of May, 1955, in said Ohio County, did unlawfully and feloniously break and enter a dwelling house, the property of Mrs. Betty Watson in the night time of that day and did unlawfully and feloniously steal, take and carry away ". There then follows a statement of articles of personal property of Mrs. Betty Watson alleged to have been stolen from her dwelling.

The information for a warrant containing the sworn statement of Harry Wolf hereinabove referred to reads in part: " This day Harry Wolf Detective upon oath and information before me C. J. Fisher, a Justice of the Peace of Centre District in said County, complains that Leo Namlik on the — day of May, 1955, in said Ohio County, did unlawfully and feloniously break and enter a dwelling house, the property of Joe Ragus in the night time of that day and did unlawfully and feloniously steal, take and carry away ". There then follows a statement of articles of personal property of Joe Ragus alleged to have been stolen from his dwelling.

As to the alleged crime of breaking and entering the dwelling of Mrs. Betty Watson, the extradition papers contain neither indictment, information nor affidavit. The right of extradition clearly fails as to this alleged breaking and entry.

Relative to the alleged crime of breaking and entering the dwelling of Joe Ragus, there is only the sworn statement of detective Harry Wolf. There is nothing to show whether he was a member of the police force of Ohio County or a private detective.

Section 830 of the Code of Criminal Procedure provides that no demand for the extradition of a person shall be recognized by the Governor unless "accompanied by a copy of an indictment

found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon". Section 3182 of title 18 of the United States Code relating to extradition of fugitives from justice provides in effect that the demand must be accompanied by "a copy of an indictment found or an affidavit made before a magistrate".

The single question here is as to whether or not the information for a warrant containing the sworn statements in the complaint of Harry Wolf is sufficient proof of the crime of breaking and entering the dwelling of Joe Ragus to warrant the extradition of the relator. If not the writ of habeas corpus must be sustained and the relator released.

In the information for a warrant, as shown above, it is stated that Harry Wolf "upon oath and information before me C. J. Fisher * * * complains that Leo Namlik on the — day of May, 1955," did unlawfully break and enter the dwelling of Joe Ragus. This sworn statement is upon "information". Furthermore, the sworn "information for warrant" contains no direct statement of fact by Harry Wolf. The statements are in the form of a recital of facts by C. J. FISHER, the Justice of the Peace, as to the complaint of Harry Wolf. The document is not sworn to by the Justice of the Peace. The most that can be said for the oath of Harry Wolf is that he swore that he made the complaint as stated. He fails, however, to state that the facts in the complaint are true.

The insufficiency of the sworn complaint of Harry Wolf made "upon information" to warrant the extradition of the relator is clear from the authorities.

In *People ex rel. de Martini* v. *McLaughlin* (243 N. Y. 417), the court, in reversing orders dismissing writs of habeas corpus in extradition proceedings and directing the discharge of the relator said (p. 419): "The finding of an indictment presupposes the testimony of witnesses before a grand jury, and is thus a safeguard against a removal that is ignorant or wanton (*Matter of Strauss,* 197 U. S. 324, 332). When extradition is sought on the basis of an affidavit, there is need for closer scrutiny (*People ex rel. Lawrence* v. *Brady,* [56 N. Y. 182] *supra; People ex rel. Himmelstein* v. *Baker,* 137 App. Div. 824; *Davis' Case,* 122 Mass. 324, 327, 330). The affidavits in this case, when read together, are seen to proceed upon information and belief, though one of them, if read alone, suggests a profession of knowledge that is erroneous and unwarranted. The

charges are vague, indefinite and general. They are made without specification of the sources of information or the grounds of belief (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 391)." (See, also, *People ex rel. Gellis* v. *Sheriff of Co. of Westchester,* 251 N. Y. 33, 36; *People ex rel. Kassin* v. *Sheriff of New York Co.,* 149 Misc. 11; *People ex rel. Cornett* v. *Warden of City Prison of Brooklyn*; 60 Misc. 525; *Matter of Burgher,* 134 N. Y. S. 2d 435, and *Raftery* v. *Bligh,* 55 F. 2d 189, 194.)

The case of *People ex rel. Moore* v. *Skinner* (284 App. Div. 770) is not applicable here for in that case the court held that the document in the form of a complaint laid before the City Court of Stamford upon which the warrant in the State of Connecticut was issued was an information which was supported by affidavits. This information was sufficient for the prosecution of the crime charged in the State of Connecticut. There is no question of a sufficient information in the extradition papers in the instant matter for under section 4 of article 3 of the Constitution of West Virginia and section 6165 of the West Virginia Code (1949 ed.), the prosecution of a felony must be by indictment.

The writ of habeas corpus is sustained and the relator ordered discharged and released from custody by the defendant.

Submit order.