Matthew M. Levy, J.
There has been a full hearing on this writ of habeas corpus, the response to which was that the relator has committed the crime of burglary in Pennsylvania, is a fugitive from justice, and it is sought to “ extradite ”* him to that State.
It is not for me to determine the guilt or innocence of the relator of the crime charged. That is for the trial court (People ex rel. Gottschalk v. Brown, 237 N. Y. 483, 487; People ex rel. Levin v. Warden of Women’s Prison, 188 Misc. 307, 309, affd. 271 App. Div. 951). In this proceeding, wherein the relator alleges that his detention by the New York police is unlawful, the only issues are (1) whether the documents received from the demanding State and upon which the New York Governor’s warrant was based, are legally sufficient, and (2) whether the relator was in Pennsylvania at the time he is alleged to have committed the crime with which he is charged.**
The instant warrant of interstate rendition is based upon the affidavit of a Pennsylvania State trooper. The substantive portion of the affidavit is that, on June 27, 1961, the relator “ Leonard Bleecher did conspire to burglarize and did in fact burglarize the home of William Stanley Warwick, Forge Ed., Middletown Tnp. at about 11:00 a.m. of the following: 2 Polaroid cameras, a Bell and Howell Move [sic] Camera, automatic gun, wrist watches, rings and other assorted jewelry, all this constitutes burglary, larceny, conspiracy and receiving stolen goods.”
*238 It is true, as urged by the relator, that, since the requisition is based upon an affidavit rather than upon an indictment, the document must undergo “closer scrutiny” to determine if it alleges that a crime has been committed in the demanding State and if the allegations therein are adequate to set forth the crime charged. (People ex rel. de Martini v. McLaughlin, 243 N. Y. 417, 419; People ex rel. Gellis v. Sheriff of County of Westchester, 251 N. Y. 33, 36; People ex rel. Shurburt v. Noble, 4 A D 2d 649, 651.)
Section 830 of the Code of Criminal Procedure requires that “the * * * affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that [the demanding] state. ’ ’ In my view, the affidavit here in issue suffices under the statute, and the authorities — both those relied upon by the relator in aid of his contention and others, seemingly supporting him, which I have found and studied — are clearly distinguishable.
In the case of People ex rel. Hodges v. Silberglitt (11 A D 2d 681) —strongly stressed by the relator — the affiant charged the accused with “ cheating and swindling the prosecutrix out of $300 by fraudulent means and artful practices.” The court noted that the affidavit failed to set forth the deceitful methods used and therefore that it failed to establish the commission of a crime. Accordingly, the court applied the principle enunciated in People ex rel. Lawrence v. Brady (56 N. Y. 182). The affidavit in issue in that case alleged that the relator obtained the goods of another by false pretenses or by cheating, but there was no allegation (as required in the substantive law of crimes) of fraudulent intent, and so the writ was sustained. In People ex rel. Nettles v. Police Comr. of City of New York (11 A D 2d 1068), also, the relator was charged with obtaining money by false pretenses, without the needed clear showing that the act charged was criminally punishable. Similarly, in People ex rel. Gellis v. Sheriff of County of Westchester (251 N. Y. 33, supra), the charge was that of taking of property by false pretenses without more. But, in People ex rel. Shurburt v. Noble (4 A D 2d 649, supra) where the crime charged was the making and delivery of checks for the purpose of defrauding another and there was an allegation that the maker had knowledge at the time that he had insufficient funds or credit in the bank for the payment of the checks, the Appellate Division held that the affidavits substantially charged the relator with a crime under the laws of the demanding territory, and reversed an order sustaining the writ of habeas corpus.
*239 If I were to undertake to distill a guiding precept from these precedents, I would say that, where the affidavit sets forth what may be a commercial transaction — but alleges the commission of a fraud in merely conclusory terms — sans the explicit elements of the criminal act charged, then the requisition based thereon is insufficient. In such case the accusation ‘ ‘ is not, in a legal sense, a charge of crime, for [the allegation] may be true, and yet no crime may have been committed.” (People ex rel. Lawrence v. Brady, 56 N. Y. 182,189, supra.)
But it is plain to me that the word “ burglarize ” — which is the basic charge here — clearly imports criminality, and nothing less. Any possible interpretation must clearly attach criminal responsibility to the perpetrator and not merely fraudulent conduct which is civilly actionable. True, in People ex rel. Cornett v. Warden of the City Prison of Brooklyn (60 Misc. 525), the charge (as in the case at bar) was burglary, but, as the court pointed out (p. 527), the “ informant simply swears to his belief, without stating the ground thereof, or the sources of information which would lead thereto. He should have incorporated in the information the facts upon which his belief was based to enable the court to judge of its sufficiency.” (See, also, People ex rel. de Martmi v. McLaughlin, 243 N. Y. 417, supra.)
The instant affidavit appears to have been made upon knowledge, the charge is specific and there is an unequivocal showing therein that a crime has been committed by the relator in Pennsylvania on the date, at the time and at the place mentioned, and that certain listed articles were then stolen. It is urged, however, that there is no express statement in the affidavit that the deponent, a State trooper, did in fact see the relator commit the burglary charged, and, therefore, that it should be assumed that the allegations were made solely on undisclosed information, rather than on actual knowledge. I do not agree that the document supporting the requisition, in a case such as this, is vulnerable on that account. For all that may appear from the face of the affidavit, the deponent may have seen the relator in the act of the commission of the burglary or of escape from the scene of the crime, or he may have been an undercover associate participating in the conspiracy alleged in the affidavit, or he may have seen the relator in possession of or receive some of the stolen articles as also alleged. If these possibilities seem far-fetched, it may be pointed out that the attack on the affidavit is made as a matter of law, upon the basis of the alleged insufficiency of the document on its face. That being so, the relator can not be heard to attach to its language words that are not *240 there or import to it a construction not expressed or necessarily to be implied.
Moreover, I am of the opinion that the law of interstate rendition should not require that the affidavit be made by an actual eyewitness to the burglary. I have not been cited, and I have been unable to find, any authoritative precedents either way. But it seems to me that, if that were the standard of legal sufficiency compelled to appear on the face of the affidavit, the perpetrator of a burglary — if not apprehended at the time of the commission of the felonious act (a crime frequently undertaken in the absence of owners or bystanders) or not caught with the stolen articles in his sole possession (generally surreptitiously hidden) or not shown to have disposed of such articles (generally clandestinely done)* — would most likely gain immunity from prosecution by the utilization of the expedient of a prompt expedition to New York after the commission of the crime alleged.
To hold that personal observation of the affiant is a sine qua non to the validity of such an affidavit would, I think, place an unreasonable — and, at times, insurmountable — burden on law enforcement officials and the security of the community. Our Federal system of State sovereignty does not, in my view, warrant such an invasion of a State’s rights to protect its own citizens and the majesty of its law. “ While it has been said that a complaining affidavit requires a higher decree of certainty and calls for closer scrutiny than an indictment for the same offense (People ex rel. Lawrence v. Brady, 56 N. Y. 182; People ex rel. de Martini v. McLaughlin, 243 N. Y. 417), an affidavit which appears to be full, definite and specific, and is made on knowledge, and not on information and belief, should be held sufficient as a charge of crime.” (People ex rel. Gellis v. Sheriff of County of Westchester, 251 N. Y. 33, 36, supra.) People ex rel. de Martini v. McLaughlin (243 N. Y. 417, supra), also cited by the relator, is not in point. There, the affidavits do appear to have been made upon information and belief, the several affiants did not state the source of their belief, the charges therein were vague and indefinite, and the relator, prosecuted as an accessory after the fact, was not alleged to have knowledge of the guilt of the principal offenders, and the crime in chief seems not to have been specified. The court indicated that (p. 420) although any one of these grounds might of itself be inadequate to defeat rendition, the cumulative effect rendered the requisition ineffective.
*241 The second issue requiring resolution by me is whether or not the relator was in Pennsylvania at the time of the commission of the crime charged. On that question the law is definite and well established. It is not for the prosecution — in this proceeding— to establish the guilt of the relator beyond a reasonable doubt, as in a criminal case, or by a fair preponderance of the credible evidence, as in a civil suit. On the very contrary, it is “ necessary for the relator to establish by conclusive evidence that he was not in the demanding State when the crime was committed and is not a fugitive from justice.” (People ex rel. Higley v. Millspaw, 281 N. Y. 441, 447; People ex rel. Gottschalk v. Brown, 237 N. Y. 483, 486, supra; People ex rel. Fong v. Honeck, 253 N. Y. 536.)
The relator sought to show that, on the date in question, he was in fact in New York City. I see no need to narrate here the evidence submitted. Suffice it to say that the issue as presented is resolved in my mind on the basis of credibility. Whatever view I might take of the alibi defense as testified to on behalf of the relator — were I the ultimate trier of the charge of burglary (People ex rel. Levin v. Warden of Women’s Prison, 188 Misc. 307, 309, affd. 271 App. Div. 951, supra) — it is plain to me that there was no such “ conclusive ” proof submitted as to warrant my depriving the State of Pennsylvania of the opportunity of prosecuting the relator for the felony charged against him, and thus, perhaps, occasioning the presentation by the relator of that alibi proof, and more, to the tribunal having jurisdiction to try him for the alleged commission of the crime.
In the circumstances, the writ is dismissed and the relator is remanded.

 In the submission of counsel, they have referred to the matter as one having to do with “extradition”. Legal purists have pointed out that, as between States of the United States, this is a misnomer, and that the correct terminology is “interstate rendition” (see Scott, The Law of Interstate Rendition, pp. 1-12).

 In the light of the proof presented to me, my determination would be the same whether or not I overruled or sustained the relator’s objections to the receipt in evidence of the physical exhibits proffered by the respondent.

 Perhaps these instances are more plausible than the suggestions hereinbefore made.