Thomas M. Stark, J.
On April 1, 1963, a hearing was held before this court on the extradition of one Robert 0. Kjeldsen, an alleged fugitive from the Commonwealth of Virginia. Said hearing was brought on by the District Attorney of Suffolk County. The alleged fugitivo is charged with having committed the crime of grand larceny in the Commonwealth of Virginia on December 31,1961, and other days within one year next prior thereto.
*129 The warrant executed by the Governor of Virginia in this matter is accompanied by an affidavit of the complainant, one J. F. Brock, and by a warrant issued by the Magistrate before whom said complainant appeared on July 18, 1962.
When an extradition is sought on a warrant accompanied by an information or affidavit, rather than an indictment, the courts of this State have traditionally examined the informations or affidavits to determine if a full or proper allegation of a crime is set forth therein. The complainant’s affidavit in this case contains nothing more than a bald charge that the alleged fugitive committed the crime of grand larceny.
The only facts set forth concerning this alleged grand larceny is the date (“ on the 31st day of December, 1961, and other days within one year next prior thereto ”), the place (“ City of Norfolk ”), the amount (“ $17,812.84 ”) and the name of the apparent victim (“The Credit Control Board Corporation ”). The affidavit is insufficient to support an extradition proceeding. (People ex rel. de Martini v. McLaughlin, 243 N. Y. 417; People ex rel. Lawrence v. Brady, 56 N. Y. 182; People ex rel. Himmelstein v. Baker, 137 App. Div. 824.)
This court however has no power to release the alleged fugitive. Such release may only be had upon a writ of habeas corpus being applied for and granted pursuant to the provisions of section 838 of the Code of Criminal Procedure.
Accordingly, the alleged fugitive is given 30 days from the date of this decision to apply for a writ of habeas corpus and notice the writ for a hearing before the Supreme Court.