## Reid Drug Co. et al. v. Salyers et al.

(Decided Oct. 22, 1937.)

JAY W. HARLAN and W. A. STANFILL for appellants.

T. E. MOORE, Jr., for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This appeal is an aftermath of what occurred in the Perry circuit court, following its determination of the matters involved and reviewed by us in the case of Reid Drug Company et al. v. Salyer et al., 268 Ky. 522, 105 S. W. (2d) 625. A consultation of that opinion will

reveal that appellees therein (as plaintiffs below) applied to the Perry circuit court for the appointment of a receiver for the Reid Drug Company, a corporation in which the two plaintiffs therein held one-fourth interest each of its capital stock, and S. C. Reid and his wife, Mrs. Reid, each held one-fourth of it. We reversed the judgment of the court in the appointment of a receiver as prayed for by plaintiffs on that hearing—our opinion being rendered on May 14, 1937. The order appointing the receiver therein, and from which that appeal was taken, was made a few days after the filing of the action, which was on April 21, 1936. The trial judge appointed his son-in-law as receiver of the alleged insolvent company, although, as is disclosed by the instant appeal, he had no experience in the drug business of any nature or character whatever. He immediately took charge of the business of the company and began operating it as the order of his appointment directed that he should do. Without any order of court, so far as the record discloses, he began to sell in bulk considerable quantities of the stock of merchandise at and below invoice and cost price to competing drugstores in Hazard, Ky., one item of which was the refrigerator that later turned up in the private office of Dr. Coldiron, one of the plaintiffs in the cause, though the receiver in testifying said that he did not know to whom he sold it. Another item was about $360.00 worth of whisky that constituted a part of the stock of the company, which was sold in bulk for "either $90.00 or $95.00," according to the testimony of the receiver—although on April 17, 1936, just four days preceding the filing of the action praying for a receiver, and about seven or eight days before the motion was sustained and the appointment made—an invoice of the stock had been made at the instance of the defendant S. C. Reid by parties who are admitted to be qualified for invoicing that character of goods, and in which they listed alcoholic liquors to the amuont of $360.

In giving his testimony at the hearing here involved the receiver—after having had charge of the stock for about two months—was thus questioned and answered relating to what became of the invoiced amount of alcoholic spirits composing a part of the stock:

"Now, you knew that the inventory showed that there was some $360.00 worth of whisky over there when you took charge, didn't you? A. Yes, sir.

"Q. What became of the other whisky besides what you sold Bill Fouts? A. Well, we consumed some of it.

"Q. What (who) do you mean consumed it? A. Drank it up, and gave it away.

"Q. Who drank it up? A. I did, part of it.

"Q. Who did you give it away to? A. Customers.

"Q. Trying to build up a business? A. Yes, sir." A like disregard of duty could be easily pointed out with reference to other transactions of the receiver prior to the time he gave his testimony.

Some few days before then, and on July 28, 1936, an intervening creditor with an alleged claim of $103.36 filed an intervening petition, and at the same time entered a motion for a sale of the receivership stock, upon the alleged grounds that the assets were insufficient to pay the debts and that the business could not be operated as a going concern at a profit. On the same day—and presumptively immediately upon the filing of that intervening pleading and the motion for the order of sale— plaintiffs in the action, and appellees here and also in the appeal supra, filed their answer thereto in which they expressly "admit that the allegations of the intervening petition are true, and hereby consent to an order of court sustaining said motion for the sale of the property of the Reid Drug Company." The two Reids, who are two of the three defendants in the action, appeared, but only for the purpose of objecting to the making of the order until they had been summoned to answer the intervening petition, which they claimed and proved had not been done. But the court disregarded their objection and announced that he would proceed with a hearing of the motion; whereupon they filed their answer in which they denied the alleged indebtedness asserted by the intervener, and also denied all of the grounds set forth by it as grounds for the order of sale therein requested. Evidence was then heard, and the principal fact that it developed was gross and reckless mismanagement by the receiver during the period between his appointment and the hearing of the motion—possibly sufficient to have justified his removal. Three days from that hearing, and on July 31, 1936, the court sustained the motion and ordered the receivership stock, "and fixtures of the Reid Drug Company now located in the building occupied by it on Main Street in Hazard to be sold by the receiver by public out-cry to

the highest and best bidder on a credit of three months with bond payable to the receiver for the purchase price.'' From that order defendants (the present appellants, Reid Drug Company, S. C. Reid and wife) prosecute this appeal.

A motion has been made by appellees and plaintiffs, in the receivership action, to dismiss the appeal; but no grounds therefor were stated in the motion itself. However, a brief statement of the grounds has been filed since the prosecution of the appeal, and it is, that the intervening creditor (who actually made the motion in the trial court for the order of sale) has not been made an appellee, though the plaintiffs in the cause are made appellees, and they, as we have seen, joined in the motion for a sale of the property. We think the litigated question is undoubtedly here, at least so far as appellees are concerned. If they desire the intervening creditor made a party to this appeal, they have taken no step to require it to be done, and we do not think the ground relied on sufficient to authorize a dismissal of the appeal as to them. Their motion to dismiss is, therefore, overruled.

Neither party to the instant appeal raises the question of our jurisdiction to entertain it, upon the ground that the order appealed from is not such a final one as gives us jurisdiction. However, the question has not escaped our attention. In the case of Wakenva Coal Company v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737, we took jurisdiction of an appeal from the same character of order and disposed of the questions involved upon their merits. See, also, the text in 35 C. J. 14, sec. 13; and the text in 3 C. J. 578, sec. 213, and note 76 on page 579. A like supporting text is found in 53 C. J. sec. 313, wherein it is pointed out that a sale by a receiver, when made pursuant to a decree or order of the court, is a judicial sale, and the cited text from 35 C. J. confirms the right to appeal from a decree authorizing a judicial sale. We therefore conclude that we have jurisdiction of this appeal.

Concerning the merits of the case, two grounds are presented why the order of sale appealed from was erroneous, and which are: (1) That our opinion, supra, wherein we determined that the receiver should never have been appointed, is itself sufficient to require a reversal of the judgment appealed from; and (2) that the evidence heard at the trial of the motion for the order

of sale was insufficient to authorize it. We have concluded that both of them are well taken. In our former opinion supra, we, in its last paragraph, disposed of a motion to dismiss that appeal on the ground that after the filing of that record in this court the order of sale here involved was made, and which counsel for appellees therein contended rendered the then pending appeal moot. In that paragraph we overruled that motion upon the ground that "the rights of appellants may not be terminated by the perpetration of a second error—following a previous one committed by the trial court against them in appointing a receiver—whereby they were wrongfully deprived of their rights in the corporation. We have found that the court erroneously appointed a receiver and he may not correct that error by committing another one in ordering the receiver to sell the property so erroneously put in his charge."

According to our conclusion, that excerpt effectually disposes of the motion in favor of the present appellants without the necessity of passing on ground 2. However, as hereinbefore indicated, it is also sustainable. The only depletion in the receivership stock—that the testimony heard at the trial of the motion for the order of sale established—was that brought about by the receiver himself while pretending to operate the drugstore under his receivership. Instead of doing as directed he commenced, without any authority by court order, or otherwise, to deplete the stock, as well as the necessary fixtures, by selling portions of both in bulk, and he actually consumed by himself and customers three-fourths of the amount of alcoholic liquor on hand without obtaining one farthing for it. But, notwithstanding such derelictions, the proof heard at that hearing—in the vague and nebulous form in which it was given—was insufficient to show that the stock and the business conducted was beyond the possibility of resurrection so as to continue it as a going concern. It was not even shown that the remainder of the stock after being so depleted by the receiver was less than the company's indebtedness. Appellants at the hearing of the motion moved the court that an immediate invoice of the stock be made by competent persons designated in the motion, in order to show that the company was still solvent; but the court overruled that motion, notwithstanding appellants had sustained that contention by their verified pleadings. Since, however, it is not neces-

sary, for the reason hereinbefore stated, to further pursue the discussion of ground 2, we will leave it at this point.

For the reasons stated, the judgment ordering the sale, and from which this appeal is prosecuted, is reversed, for proceedings consistent with this opinion.