## Reid et al. v. Salyer et al.

Feb. 16, 1940.

J. W. Harlan and Keenon, Huguelet & Kessinger for appellants.
Carl King for appellee Coldiron.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Alleging that they were the owners of 50% of the capital stock of the Reid Drug Company, a Kentucky corporation, appellants on October 9, 1937, instituted this action in the Fayette Circuit Court against K. N. Salyer and J. C. Coldiron, the owners of the remaining 50%, William Milton, who had been appointed receiver of the Corporation by the Perry Circuit Court upon the resignation of the original appointee, K. N. Salyer, and E. R. Begley, who, with Salyer, was surety on the receiver's bond. The object of the action was to recover damages for the wrongful appointment of the receiver and the misappropriation and illegal sale of the assets of the corporation. The petition further charged that Milton, as receiver, had been grossly negligent in his management; but it is contended by the appellee that the effect of the allegations, taken as a whole, is to charge the defendants Coldiron and Salyer, with malicious prosecution in the institution of the suit in the Perry Circuit Court which resulted in the receivership referred to and the loss of the corporation's assets. A detailed description of the proceedings in the Perry Circuit Court will be found in our opinions in the cases of Reid Drug Company et al. v. Salyer et al., 268 Ky. 522, 105 S. W. (2d) 625, and Reid Drug Company et al. v. Salyers et al., 270 Ky. 267, 109 S. W. (2d) 652.

Upon the filing of the present suit in the Fayette Circuit Court, summons was issued to the sheriff of Fayette County, and on December 29, 1937, this summons was returned by the sheriff with an endorsement to the effect that the defendants had not been found in Fayette County. On February 3, 1939, an alias summons directed to the sheriff of Fayette County was executed on the defendant, Coldiron, and on February 15, 1939, the summons issued on February 4, 1939, to the sheriff of Perry County was executed on the defendants, Salyer, Begley and Milton. The petition is silent as to the residence of the plaintiffs and the defendants, but discloses that the proceedings complained of were insti-

tuted and consummated in Perry County. Salyer, Begley, and Milton ignored the summons, but on February 21, 1939, Coldiron filed a special demurrer on the grounds that the petition disclosed that the plaintiffs did not have legal capacity to maintain the action, and that the Fayette Circuit Court had no jurisdiction of the defendants. At the same time Coldiron moved the court to quash the return on the summons against him, and in an affidavit filed in support of the motion, set forth that the plaintiffs at all of the times mentioned in the petition were residents of Perry County but later had become residents of Boyle County; that all of the defendants were residents of Perry County; and that the corporation, Reid Drug Company, at all times had its principal place of business in Perry County and had never maintained or had an office in Fayette County. On June 10, 1939, plaintiffs filed an amended petition on which no summons was issued, alleging facts showing that any demand which they might have made upon the corporation to institute the suit would have been unavailing, and that, although the corporation was still operating, it had been adjudicated a bankrupt during the operation of the receivership. On the 2nd day of November, 1939, the court sustained Coldiron's special demurrer to the petition on the ground that the Fayette Circuit Court did not have jurisdiction and dismissed the petition, to which ruling the plaintiffs excepted and prayed an appeal to this court.

While we are of the opinion that this was not, properly speaking, an action for malicious prosecution, or for an injury to person, property, or character, within the meaning of Section 74, Civil Code of Practice, but, on the contrary, was a transitory action, and hence maintainable in Fayette County, since one of the defendants was served therein, we nevertheless conclude that the petition failed to disclose a cause of action in the appellants and that the judgment of the Circuit Court, by whatever process of reasoning arrived at, should be affirmed.

The reason for our conclusion is as follows:

It is apparent that the damages which the appellants seek to recover were sustained directly by the corporation and only indirectly by the appellants as stockholders. Under these circumstances it was essential that

the corporation be made a party, and this was not done. The allegations of the petition as amended were sufficient to have authorized the appellants to institute the suit for the corporation's benefit, but the omission of the corporation as a party and the attempt of the appellants to sue solely in their own names and for their own benefit as stockholders was fatal. Reinecke v. Bailey, Ky., 112 S. W. 569; Shawhan, etc., v. Zinn, etc., 79 Ky. 300. If, as indicated, the corporation was adjudged bankrupt, the right of action passed to the trustee in bankruptcy.

Judgment affirmed.