# GOODALE *v.* SPLAIN.

---

EXTRADITION; AFFIDAVIT; SUFFICIENCY; HABEAS CORPUS.

1. An affidavit in accordance with the criminal procedure of a foreign State is a sufficient charge of an offense against the laws of that State to warrant extradition.

2. The substantial charge of a crime denounced by the statute of a foreign State is sufficient to warrant extradition.

3. An affidavit for extradition, which charges that the accused falsely represented that one of them was inventor of a certain device, that it was being manufactured by a corporation of which the accused were officers, and that they would sell the affiant stock for $500 on which she would realize a $1,000, and further states that the affiant, believing such representation, paid the accused certain money, contains a sufficiently substantial charge, to warrant extradition, of false pretenses under the statute of a foreign State prescribing punishment for any person who designedly, by false pretenses and with intent to defraud, shall obtain money from another.

4. In habeas corpus proceedings to obtain the discharge of a person held under extradition sought by a foreign State, this court will not consider matters of defense to the discharge, nor the question whether the extradition was instigated by malice or improper motives. (Citing *Depoilly* v. *Palmer*, 28 App. D. C. 324.)

No. 2620. Submitted April 6, 1914. Decided May 4, 1914.

HEARING on an appeal by the petitioners from an order of the Supreme Court of the District of Columbia discharging a writ of habeas corpus and remanding them to the custody of the marshal. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order discharging a writ of habeas corpus and remanding the petitioners, Franklin C. Goodale and Pearl V. Goodale, to the custody of Maurice Splain the marshal of the District of Columbia.

The petition on which the writ issued alleges that petitioners are, respectively, president and secretary of the Goodale Phonograph Company, a corporation of the State of Washington, with a capital stock of $5,000,000, which is the owner of certain patents granted to Franklin C. Goodale as the inventer of a machine to make film records which not only show a picture, but at the same time produce the sound of the human voice. That they were arrested September 4, 1913, on a warrant issued on a requisition from the governor of the State of Wisconsin. That an order has been made directing their extradition to said State, and they are now in custody awaiting extradition. That their custody is unlawful in that the affidavit on which the proceeding is based, while apparently made by the affiant from her personal knowledge, states facts of which affiant could not have personal knowledge and which are contrary to existing records. That the affidavit states that said Goodale is not the patentee of the said invention—the fact being that the records of the Patent Office, in this jurisdiction, show that he is such inventor. That said affidavit is made for the sole purpose of having pe-

titioners returned to the State of Wisconsin, where affiant can sue them for moneys falsely claimed to have been taken from her by false and fraudulent statements; and it is an attempt to deprive them of their patent rights. That the affidavit sets forth a great number of facts which it alleges were false, but none of which could be in any way cause for the parting with her money. That it does not allege that the said stock was of great value, and there is no allegation that this statement was false. That it does not allege that the said stock was delivered to affiant, and that she parted with her money on the faith of receiving the said stock. That the affidavit fails to show any offense against the laws of Wisconsin.

The return of the marshal alleged that he held the petitioners under warrants issued by the chief justice of the supreme court of the District, pursuant to a requisition of the governor of Wisconsin. That they are charged in that State with the crime of obtaining money by false pretenses; have fled from the justice of that State, and taken refuge in the District of Columbia. That they were brought before the acting chief justice of the supreme court of the District, who, after hearing, ordered respondent to deliver the petitioners to the agent of the State of Wisconsin, to be by him conveyed to said State to answer the charges set forth in the requisition. That he is ready to execute said order of surrender. The requisition process issued by the governor of Wisconsin is attached to the return.

The process is in regular form. There is set out sec. 4423 of the Statutes of Wisconsin. This declares that any person who designedly, by any false pretenses, etc., and with intent to defraud, shall obtain from any other person any money, etc., shall be punished by imprisonment in the State prison not more than five years or less than one year, or by imprisonment in the county jail not more than one year, or by fine not exceeding $500. An affidavit by the complaining witness disclaims any intent to afford an opportunity to serve petitioners with civil process, or to use the said prosecution for the purpose of collecting any debt or for any private purpose.

The affidavit then proceeds to charge that petitioners, know-

ingly and designedly, falsely pretended to affiant that Franklin C. Goodale was the inventor of a phonograph; that both petitioners under the name of the Goodale Phonograph Company were manufacturing said phonograph in the State of Washington; that Franklin C. Goodale was president, and Pearl V. Goodale was secretary, of said corporation, which had a capital stock of $5,000,000; that they would sell to affiant twenty shares of said stock for $500, on which she would realize $1,000; that, believing said representations, affiant paid them $240, with a promise of $5 per month until $500 should be paid; that these representations were false; for in fact the said Franklin C. Goodale was not the inventor of a phonograph; neither were manufacturing phonographs nor were officers of the corporation. as represented; no such corporation had been incorporated in the State of Washington. That they thereby obtained affiant's money with the intent to defraud her; that immediately afterwards affiant attempted to locate the said Goodales, who resided in the city and county of Milwaukee, in the State of Wisconsin, for about one month, and then went to the District of Columbia, where they now are as fugitives from said State.

The petitioners demurred to the return, alleging as the grounds thereof that the return fails to answer the facts stated in the petition, and fails to show that the petitioners are held for a violation of the laws of Wisconsin.

The demurrer was overruled; no amendment was made and the writ was discharged. Petitioners were therefore remanded to the custody of the marshal. Marshal Palmer having retired from office pending the appeal, his successor, Maurice Splain, has been made a party in his stead.

*Mr. Wilton J. Lambert, Mr. Daniel W. Baker,* and *Mr. William E. Leahy* for the appellant.

*Mr. Clarence R. Wilson,* United States Attorney for the District of Columbia, and *Mr. Walter Bruce Howe* for the United States.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The court did not err in discharging the writ and remanding the petitioners to the custody of the marshal for delivery to the agent of the State of Wisconsin.

An affidavit in accordance with the criminal procedure of the State is a sufficient charge of an offense against the laws of the State to warrant extradition. *Re Strauss,* 197 U. S. 324, 331, 49 L. ed. 774, 778, 25 Sup. Ct. Rep. 535.

The demand for extradition founded on said complaint, and the warrant issued thereon, is in compliance with the law. No objection has in fact been made to its formality. Without analyzing the complaint, it is sufficient to say that it substantially charges the crime; and that is enough. *Pierce* v. *Creecy,* 210 U. S. 387, 52 L. ed. 1113, 28 Sup. Ct. Rep. 714; *Strassheim* v. *Daily,* 221 U. S. 281, 282, 55 L. ed 735, 737, 31 Sup. Ct. Rep. 558.

In habeas corpus proceedings seeking to discharge one who has been held for delivery to the agent of a State upon demand of the governor thereof, the court will not consider matters of defense to the charge, or whether the proceedings were instigated by malice or improper motives. *Depoilly* v. *Palmer,* 28 App. D. C. 324, 328, and cases there cited.

The judgment is affirmed with costs.          *Affirmed.*