THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY GELLIS, Appellant, *v.* THE SHERIFF OF THE COUNTY OF WESTCHESTER and the WARDEN OF THE COUNTY PENITENTIARY AT WHITE PLAINS, Respondents.*

Second Department, January 7, 1929.

*Louis Marshall* [*Walter E. Godfrey* with him on the brief], for the appellant.

*Harold Harper* [*Arthur Rowland, District Attorney, Lawrence S. Hazzard, Assistant District Attorney,* and *H. Snowden Marshall* with him on the brief], for the respondents.

* Affd., 251 N. Y. 33.

CARSWELL, J. The Governor of New York State issued a warrant to the sheriff of Westchester county, directing the arrest and delivery of the relator to the agent of South Carolina, after compliance with section 827 of the Code of Criminal Procedure. The relator, Gellis, thereupon was taken in custody. He sued out a writ of habeas corpus. After a hearing, the writ was dismissed and the relator remanded.

The relator upon appeal asserts that the record does not show the commission by him of any crime. He says the affidavit of J. Louise Hill contains no fact upon which a criminal charge may be predicated. He claims it merely charges him with expressing an opinion as to the value of the stock and not with stating a fact. The affidavit reads: " that Stanley Gellis, on or about the 20th day of January, 1928, by false pretense and false representations obtained from her, the said J. Louise Hill, certain property, consisting of valuable securities [reciting them], which were at said time of the value, in the aggregate, of not less than Forty-two Thousand ($42,000.00) Dollars, with intent to cheat and defraud her, * * * contrary to the provisions of section 64 Criminal Code of South Carolina (1922), by representing to her that certain stock in a company known as the National Associated Tobacco Company * * * was worth the sum of Fifteen ($15.00) Dollars a share at said time, when the same was actually worth not more than Five ($5.00) Dollars a share at said time, which said representations were false and fraudulent, and known to the said Stanley Gellis to be false and fraudulent, and made with the intent to defraud her * * * of her property and securities aforesaid."

Assuming that where proceedings are based upon an affidavit rather than upon an indictment " there is need for closer scrutiny " by way of determining whether a crime has been effectively charged, nevertheless the affidavit challenged is sufficient under *People* v. *Peckens* (153 N. Y. 576, 591).

The case which appellant relies upon (*Ellis* v. *Andrews*, 56 N. Y. 83) and the cases which in turn cite that case (*Titus* v. *Poole*, 145 id. 414, 425, and *Van Slochem* v. *Villard*, 207 id. 587) do not refer to or question the doctrine of *People* v. *Peckens* (*supra*), and in *Titus* v. *Poole* (*supra*) it is noted that Benjamin on Sales criticises the *Ellis* case as carrying the doctrine " very far," the court recognizing that a vendor may make a representation as to value as a fact, as he may in respect of any other fact. The quotations from *Van Slochem* v. *Villard* (*supra*) and *Titus* v. *Poole* (*supra*), relied upon by the appellant, are *dicta*.

*People* v. *Peckens* (153 N. Y. 576), unquestioned as it is by any

other case in this State, has been widely followed throughout the country.

An admirable summary of the controlling principle herein, avowedly following *People* v. *Peckens* (*supra*), is given in *Williams* v. *State* (77 Ohio St. 468; 14 L. R. A. [N. S.] 1197): " A statement of value may be given either as an opinion or as a statement of fact. All the authorities agree that if a statement of value is given as an opinion merely it cannot be regarded as a foundation for an indictment. But if the statement is made as an existing fact, when the accused knows it to be false and intends it to be an inducement to the other party, and it is so understood and relied upon by the other party, then it becomes a false representation of a material fact for which the party making the representation is indictable. Whether the representation of value is intended as an expression of opinion, or whether it was made as a statement of an existing fact which the speaker intends to be an inducement to the other party, is therefore a material question of fact to be determined by the jury."

Where the attack upon a foreign affidavit or indictment is upon the ground of failure adequately to state a crime, and there becomes involved the technicalities of criminal pleading of a highly controversial character, the question of the validity of that showing should be remitted to the courts of the jurisdiction whose pleading or showing is attacked. (*People ex rel. Hayes* v. *McLaughlin*, 247 N. Y. 238.) Even if it were not so that the pleading of a statement made with respect to value may be a statement of fact in this State, it does not follow that it would be insufficient in South Carolina to constitute a statement of fact, and, therefore, if true, constitute a basis for a claimed violation of the law of that State. It might present a question of fact for a jury in that State to determine whether it was a mere expression of opinion or belief, or an affirmation of a fact to be relied upon as such. (*Simar* v. *Canaday*, 53 N. Y. 298, 307.)

The question presented herein is at best a nice question as to the adequacy of the statement being the basis of an effective charge of a crime. It is a question of law for the courts of South Carolina to decide (*Drew* v. *Thaw*, 235 U. S. 432, 440), particularly since statutes concerning rendition and extradition are not to be construed narrowly and technically by courts, but liberally, to effect their purposes. (*Pierce* v. *Creecy*, 210 U. S. 387, 405.) Especially should this rule be followed since the scope of a review by habeas corpus has not been authoritatively determined to include the inquiry involved herein. (*Biddinger* v. *Commissioner of Police*, 245 U. S. 128, 134.)

Accordingly, the writ was properly dismissed and the order should be affirmed.

LAZANSKY, P. J., RICH, YOUNG and SCUDDER, JJ., concur.

Order dismissing writ of habeas corpus and remanding relator to the sheriff's custody affirmed.