THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY GELLIS, Appellant, *v.* THE SHERIFF OF THE COUNTY OF WESTCHESTER et al., Respondents.

34

 

(Argued April 19, 1929; decided May 28, 1929.)

*Louis Marshall* and *Walter E. Godfrey* for appellant. The relator having been arrested in rendition proceedings which are based not on an indictment but upon affidavits, it was necessary that the latter should properly charge him with the commission of a crime in order to justify his arrest and rendition. (*People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182; *People ex rel. Corkran* v. *Hyatt*, 172 N. Y. 176; 188 U. S. 691; *People ex rel. De Martini* v. *McLaughlin*, 243 N. Y. 417; *People ex rel. Hayes* v. *McLaughlin*, 247 N. Y. 238; *People ex rel. Himmelstein* v. *Baker*, 137 App. Div. 824; *People ex rel. McSherry* v. *Enright*, 112 Misc. Rep. 568; 196 App. Div. 964; *Tanzer* v. *Breen*, 139 App. Div. 10.) The rendition papers show on their face that no crime has been committed. The false pretense alleged to have been made consisted of the representation that the tobacco company shares were of the value of fifteen dollars per share. That was not a statement of fact, but one of opinion. Crime cannot be predicated thereon. (*Van Slochem* v. *Villard*, 207 N. Y. 587; *Titus* v. *Poole*, 145 N. Y. 425; *Southern Development Co.* v. *Silva*, 125 U. S. 256; *Reid* v. *Schaffer*, 249 Fed. Rep. 558; *People* v. *King*, 15 App. Div. 84; *People* v. *Majorana*,

155 App. Div. 431; *State* v. *Baker,* 206 Mo. 643; *Regina* v. *Levine,* 10 Cox C. C. 374; *People* v. *Cerrato,* 99 Misc. Rep. 256; *People* v. *Hart,* 35 Misc. Rep. 185.)

*Frank H. Coyne, District Attorney (Harold Harper, H. Snowden Marshall* and *Murray F. Johnson* of counsel), for respondents. The affidavit does not show that no crime has been committed. (*People ex rel. Hayes* v. *Mc-Laughlin,* 247 N. Y. 238.) The law does not require that a statement of value must always be treated as an innocuous expression of opinion. (*Titus* v. *Poole,* 145 N. Y. 414; *People* v. *Peckens,* 153 N. Y. 576; *Williams* v. *State,* 77 Ohio St. 468; *State* v. *Nash,* 110 Kans. 550; *Commonwealth* v. *Blood,* 141 Mass. 571; *People* v. *Jordan,* 66 Cal. 10; *State* v. *Grady,* 147 Miss. 446; *Sleeper* v. *Smith,* 77 N. H. 337; *State* v. *Knowlton,* 11 Wash. 512; *State* v. *Hooker,* 99 Wash. 661; *Smith* v. *Low,* 18 Fed. Rep. [2d] 817; *Southern Trust Co.* v. *Lucas,* 245 Fed. Rep. 286; *Garr* v. *Alden,* 139 Mich. 440; *Reg.* v. *Evans,* 8 Cox C. C. 257; *Smith* v. *Land & House Property Corporation,* L. R. [28 Ch. Div.] 7.)

POUND, J. Relator is in custody under a warrant directing his surrender to the State of South Carolina in interstate rendition proceedings. (U. S. Const. art. IV, sec. 2, par. 2.) He has sued out a writ of habeas corpus, challenging the sufficiency of the complaining affidavit as a charge of crime.

The affidavit reads: " That Stanley Gellis, on or about the 20th day of January, 1928, by false pretense and false representations obtained from her, the said J. Louise Hill, certain property, consisting of valuable securities [reciting them], which were at said time of the value, in the aggregate, of not less than Forty-two thousand ($42,000.00) Dollars, with intent to cheat and defraud her, * * * contrary to the provisions of section 564 Criminal Code of South Carolina (1922), by representing to her that certain stock in a company known as the

National Associated Tobacco Company * * * was worth the sum of Fifteeen ($15.00) Dollars a share at said time, when the same was actually worth not more than Five ($5.00) dollars a share at said time, which said representations were false and fraudulent, and known to the said Stanley Gellis to be false and fraudulent, and made with the intent to defraud her of her property and securities aforesaid."

The defect relied on is that the affidavit of J. Louise Hill, the complaining witness, charges an expression of opinion only as to the value of the stock and so fails to state facts constituting a crime.

The question is whether " the extradition papers required by the statute are in the proper form." (*Biddinger* v. *Commissioner of Police*, 245 U. S. 128, 135.) The reasonable possibility that the act alleged to be a crime may be such in the demanding state must appear. Nothing more is required. (*People ex rel. Hayes* v. *McLaughlin*, 247 N. Y. 238; *Drew* v. *Thaw*, 235 U. S. 432, 440.) While it has been said that a complaining affidavit requires a higher degree of certainty and calls for closer scrutiny than an indictment for the same offense (*People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182; *People ex rel. de Martini* v. *McLaughlin*, 243 N. Y. 417), an affidavit which appears to be full, definite and specific, and is made on knowledge, and not on information and belief, should be held sufficient as a charge of crime.

Criminal and civil liability for what may be regarded as fraudulent expressions of opinion is by no means well-defined. (3 Williston on Contracts, §§ 1491–1494.) In this State the rule has been stated generally that false representations of the seller as to value are no more than expressions of opinion and that the purchaser must rely on his own judgment in acting thereon. " A false statement of the value of property made by the vendor for the purpose of obtaining a higher price will not sustain an action for fraud." (*Van Slochem* v. *Villard*, 207

N. Y. 587; *Ellis* v. *Andrews*, 56 N. Y. 83.) At the same time, it has been said in *People* v. *Peckens* (153 N. Y. 576, 591) that a statement of value by the seller may, even in a criminal case, be an affirmation of a fact when the value is peculiarly within the knowledge of the person making it, is known to be untrue and is intended to induce the purchaser to forbear from making inquiries which he otherwise would make. Similarly it has been held that mere promissory statements as to what will be done in the future, not in themselves actionable, may be deemed to be false statements of material existing facts if such statements falsely represent the promisor's state of mind. The state of a man's mind is a fact which may be the subject of a false representation. (*Deyo* v. *Hudson*, 225 N. Y. 602, 612, 613.)

It is thus conceivable that even in New York a false statement of value may be held to be a false statement of an existing fact and not mere opinion or seller's talk, the distinction resting on the mental state of the one who makes the false statements and the effect thereof on the conduct of him to whom they are made. The distinction, if it exists, is somewhat technical but it may be sufficient to present a question for the jury.

The question is not, however, as to the law of New York but of the law of the demanding State on the subject. The statute of South Carolina is not a part of the record. The test has recently been stated with care and precision by this court, writing through CARDOZO, Ch. J. If by any standard of criminal justice that can rationally be supposed to prevail in the demanding jurisdiction the facts set forth state the substance of a charge of crime, the relator must be surrendered. (*People ex rel. Hayes* v. *McLaughlin, supra.*) Applying this test, we must ask ourselves whether a sister State may reasonably be assumed to have enacted a statute which punishes as criminal a false representation as to value made with " intent to cheat and defraud " another.

If it would be so unreasonable as to border on the ridiculous to assume, in the absence of proof, that a sister State has departed widely from the general principles of criminal law, we may not be called upon to draw such an inference from the mere fact of a requisition. Here, however, the act charged is morally reprehensible, even though no criminal or civil liability attaches to it at common law. The criminality of an act is, to some extent, a matter of time and place. Obtaining goods by false pretenses was first made a misdemeanor by act of Parliament in 1757. The courts soon limited the application of the statute to false pretenses as to some existing fact, and excluded mere promises and opinions from its scope on the theory that it was complainant's folly to give credit to such assertions. (3 Stephen's History of the Criminal Law of England, 160.) As Parliament extended the common law of larceny to cover false pretenses as an independent crime, so it is quite possible that the demanding State has extended it so as to cover false pretenses as to values by the seller when made with intent to cheat and defraud the purchaser. It is not for this State to apply its own rules of criminal law and procedure to the case nor to make a critical examination of the law of the demanding State to solve the problem. It cannot be said that a reasonable basis is altogether lacking for the assertion of the demanding Governor that the acts charged are made criminal in his State by statute, nor can it be said that such acts carry a universal implication of innocence, or even of no legal liability, rather than crime.

The order appealed from should be affirmed.

CARDOZO, Ch. J., CRANE. LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.