THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN KUBIAK, Appellant, *v.* CHARLES ZIMMERMAN, as Sheriff of Erie County, and Others, Respondents.

Fourth Department, June 27, 1929.

*Jay T. Barnsdall, Jr.,* for the appellant.

*Guy B. Moore, District Attorney,* for the respondents.

Per Curiam. Relator sued out a writ of habeas corpus to which defendant made a return, in which it was stated that relator was in custody by virtue of a warrant issued by the Governor of New York State upon the requisition of the Governor of the State of Wisconsin. The record upon which this case comes to us is very unsatisfactory. Even the Governor's warrant is not printed. The record contains a stipulation that it is in the usual form. None of the papers accompanying the requisition and upon which the Governor acted are in the record.

Relator's petition alleges in substance that the requisition was supported, not by an indictment found in the demanding State, but by an information and affidavit, and that the same do not substantially allege a crime to have been committed, and that in fact they show the contrary. No denial of these allegations appears anywhere in the record. In relator's brief it is asserted that, upon the hearing in Special Term on the return of the writs, he demanded that defendants produce the information, affidavit and other papers which were used to support the requisition from the demanding State, and that upon defendants' refusal to do so, he, himself, offered copies of such papers to the court to show that he was not substantially charged with the commission of any crime, and that the court refused to consider them. This is substantially admitted in the brief of defendants. The learned justice at Special Term seems to have proceeded upon the theory that it was not the duty of the court to look beyond the Governor's warrant. Clearly, that is not the law, particularly when the requisition from the demanding State is supported by information and depositions of private persons, rather than by indictment of grand jury supervised by a court. (*People ex rel. Draper* v. *Pinkerton,* 77 N. Y. 245; *People ex rel. de Martini* v. *McLaughlin,* 243 id. 417.)

In a recent case in the Court of Appeals (*People ex rel. Gellis* v. *Sheriff,* 251 N. Y. 33, Pound, J.) it is said: " The reasonable possibility that the act alleged to be a crime may be such in the demanding State must appear."

In the unsatisfactory state of the record it is impossible for us to say whether or not the papers in support of the requisition were sufficient to satisfy the rule as stated by the Court of Appeals;

and in view of the allegations of the petition, which are not denied, and of the admission in defendants' brief, we think the Special Term should have passed upon the papers offered for the court's consideration. Those papers not being before us, we think this order should be reversed and the matter remitted to Special Term to take action in accordance with the suggestions made in this opinion, without costs to either party.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order dismissing certiorari proceeding affirmed. Order dismissing habeas corpus proceeding reversed and matter remitted to the Special Term to proceed in accordance with the opinion.