THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN LIP-
    SHITZ, Appellant, against LESLIE BESSENGER, Sheriff of Pasco
    County, State of Florida, et al., Respondents.

Second Department, December 22, 1947.

*Morris H. Switzer* for appellant.

*Miles F. McDonald, District Attorney* (*Frank Di Lalla,* of counsel), for respondents.

HAGARTY, Acting P. J. The Governor of the State of New York issued a warrant for the extradition of the appellant to the State of Florida, dated August 19, 1947, in compliance with a requisition issued by the Governor of the State of Florida. This requisition was based on an information filed on the 23d day of May, 1947, in the office of the clerk of the Court of Record of Pasco County, Florida, charging appellant with the crime of grand larceny, four affidavits of individuals containing alleged details of the crime and an affidavit of the solicitor of the Court of Record in the form of an application for such requisition.

We are concerned with the sufficiency of the information and affidavits. Other papers attached to the application for the requisition are immaterial, in that they are communications relating to the apprehension of appellant and an affidavit which would serve only to show that appellant was present in the State of Florida at the time of the alleged commission of the crime, a fact which is conceded.

Although not concerned with technicalities (*People ex rel. Meeker* v. *Baker,* 142 App. Div. 598, 605), fine distinctions, which should be left to the trial court for determination (*People ex rel. Gellis* v. *Sheriff of Westchester,* 225 App. Div. 156, 158, affd. 251 N. Y. 33), or the motive of officials of the demanding State, which must be presumed to be proper (*Marbles* v. *Creecy,* 215 U. S. 63, 70), it is the duty of the court of the surrendering State, despite the issuance of a warrant, to determine whether the papers in support of the requisition fulfill lawful requirements and sufficiently show, prima facie, the commission of a crime by the fugitive. (*Pierce* v. *Creecy,* 210 U. S. 387, 404, 405; *People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182, 191; *People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441, 445.)

The information we are reviewing, signed by the solicitor, who, undisputedly, is a county prosecutor, formally charges appellant with the commission of the crime of grand larceny in that, on the 15th day of March, 1947, he stole 500 feet of dry, maple sawed lumber of a value of more than $50, the property of one M. C. Kohn. To it is attached an affidavit of the solicitor, sworn to before the clerk of the Court of Record on the 23d day of May, 1947, in which it is averred that the allegations in the information are based upon facts that have been sworn to as true. Of the four affidavits, three were sworn to before the solicitor and filed in the office of the clerk of the Court of Record on the 1st day of April, 1947. The other, by Kohn, was sworn to before a notary public on the 24th day of June, 1947. Considered together, the averments in these four affidavits are to the effect that appellant had an agreement with Kohn, under which he paid for and removed timber from Kohn's land. During the removal of the timber, he knowingly took away other timber belonging to Kohn and which was not included in the sale. The application for the requisition was sworn to by the solicitor before the clerk of the Court of Record on the 7th day of August, 1947. It merely serves to summarize the other papers and to express the belief of the solicitor that he has sufficient evidence to secure conviction of the appellant.

The aforesaid showing is insufficient for the reason that there is lack of an affidavit made before a magistrate.

The Constitution of the United States (art. IV, § 2), provides that a person charged in any State with treason, felony or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered to the State having jurisdiction of the crime. By Act of February 12, 1793 (1 U. S. Stat. 302, ch. 7, § 1), the Congress adopted executing legislation, which is incorporated in section 5278 of the Revised Statutes (see U. S. Code, tit. 18, § 662). Insofar as material, section 662 provides for extradition to a demanding State on production of '' a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, * * *.'' The Uniform Criminal Extradition Act, adopted by a majority of the States, including New York, provides that no demand for extradition of a person charged with crime in another State shall be recognized by the Governor unless accompanied, among other alternatives, '' by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, * * *.'' (Code Crim. Pro., § 830.)

The alternative in this State statute having to do with an information, as distinguished from an indictment, does not include a provision to the effect that the affidavit supporting it be one made before a magistrate, whereas the Federal statute does not recognize an information at all and provides either for a copy of an indictment or affidavit made before a magistrate. Insofar as any inconsistency exists, the Federal statute is exclusive and controlling (*United States ex rel. McCline* v. *Meyering,* 75 F. 2d 716, 717, *supra; People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182, 187, *supra; People* v. *Meyering,* 357 Ill. 166, 169; *Matter of Briscoe,* 51 How. Prac. 422, 427).

The term '' magistrate '' as used in the Federal statute comprehends a judicial officer. (*Compton* v. *Alabama,* 214 U. S. 1.) There is no claim and it cannot be presumed that the county solicitor, before whom three of the affidavits were made, is such an officer; and the notary public, before whom the remaining affidavit was made, is not such an officer. (*People* v. *Meyering,* 357 Ill. 166, *supra.*) Even if the clerk of the court, before whom the application for the requisition and the information were sworn to, could be deemed a judicial officer, and obviously he is not, they are insufficient as affidavits in that they are barren of factual averments and the solicitor was without per-

sonal knowledge of the commission of the alleged crime. (*United States ex rel. McCline* v. *Meyering,* 75 F. 2d 716, 718, *supra; People ex rel. de Martini* v. *McLaughlin,* 243 N. Y. 417, 419; *People ex rel. Gellis* v. *Sheriff of Westchester,* 251 N. Y. 33, 36, *supra; People ex rel. Cornett* v. *Warden,* 60 Misc. 525; *People* v. *Rapoport,* 261 App. Div. 484.)

In our opinion, the holding in *People ex rel. MacSherry* v. *Enright* (112 Misc. 568, affd. 196 App. Div. 964) to the effect that an information alone is a sufficient showing as an indictment within the meaning of the Federal statute, is erroneous. An indictment alone, ordinarily, is sufficient because it presupposes testimony of witnesses before a grand jury. (*People ex rel. de Martini* v. *McLaughlin,* 243 N. Y. 417, 419, *supra.*) An information imports no such sworn proof, nor, in fact, any proof at all. Deprivation of liberty and removal to another State cannot be found upon such a mere accusation on the part of a prosecutor. (*People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182, 191, *supra.*) " An information cannot be regarded as a substitute for an indictment where the latter is required in the legislation now under consideration. * * * The indictment had in mind by those who framed the constitution and enacted the statute referred to was ' a written accusation of one or more persons of a crime or misdemeanor preferred to and presented upon oath by a grand jury.' 4 Bl. Comm. 299–302." (*Ex parte Hart,* 63 F. 249, 259.)

The order should be reversed on the law, the writ sustained, the warrant of the Governor of the State of New York declared void, the bail exonerated and appellant discharged from custody.

CARSWELL, JOHNSTON, ADEL and SNEED, JJ., concur.

Order reversed on the law, the writ sustained, the warrant of the Governor of the State of New York declared void, the bail exonerated, and appellant discharged from custody.