Milton A. Wiltse, J.
One Roger Fuller, the relator herein, is presently in the custody of Robert Chaufty, Sheriff of Jefferson County, by virtue of an extradition warrant issued by the Honorable Nelson A. Rockefeller, Governor of the State of New York, pursuant to a demand by the Governor of the State of Kansas.
The relator has been produced here in accordance with a writ of habeas corpus, addressed to the aforesaid Robert Chaufty, as Sheriff.
We are primarily concerned with that portion of section 830 of the Code of Criminal Procedure, which reads as follows: “No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state * * * and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there ”.
• The papers submitted by the Governor of Kansas to support the issuance of the warrant of extradition by the Governor of this State, reveal that the accused was not charged with the commission of any crime by way of indictment. Rather, he is accused of committing the crime of no account check, in Johnson County, Kansas, on or about November 21,1960, by an amended complaint signed by the County Attorney of that county before a Magistrate, which is not supported by an affidavit. The amended complaint is in form an information.
The relator contends that the amended complaint of the County Attorney of Johnson County, being unsupported by affidavit, does not comply with section 830 aforesaid, and that *1049 therefore the relator’s application should be sustained. The District Attorney of this county is in accord with this contention.
Since the section mentioned requires a demand for the extradition of a person charged with a crime in the demanding State, to be accompanied by an information supported by affidavit in the State having jurisdiction of the crime, when no indictment has been found, it appears that the supporting papers relied upon are defective.
Even should the amended complaint have been considered as an affidavit, nothing is shown that would indicate that the County Attorney has any personal knowledge with regard to the charge made. On the contrary, it is reasonable to infer that by reason of his position, he had none. It is not sufficient to charge the commission of a crime in the demanding State by the fugitive. (People ex rel. Lipshitz v. Bessinger, 273 App. Div. 19; Matter of Burgher, 134 N. Y. S. 2d 435.) “ When extradition is shown on the basis of an indictment, the forms of pleading established in the demanding State will be accepted as sufficient by the courts of the State in which the fugitive is seized * * *
When extradition is sought on the basis of an affidavit, there is need for closer scrutiny” (People ex rel. de Martini v. McLaughlin, 243 N. Y. 417).
Under the circumstances, the writ of habeas corpus should be sustained, the bail exonerated and the relator discharged from custody, without prejudice to the right of the officials of the demanding State to renew the application to the Governor of this State.