Mary STARKS, Petitioner,

v.

Bob TURNER, Sheriff and Ex-officio Jailer of Oklahoma County, State of Oklahoma, Respondent.

No. A–13102.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1961.

Sid White, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., John Amick, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

BRETT, Judge.

This is an original petition in habeas corpus brought by Mary Starks seeking relief from an extradition request from the Governor of Oregon to the Governor of Oklahoma for a warrant of arrest and order of extradition, which was granted by J. Howard Edmondson, of Oklahoma, and petitioner is now in custody.

It seems that on May 31, 1961 in Roseburg, Douglas County, Oregon, the petitioner wrote four separate checks, three in the sum of $25 each, and one in the sum of $50, without sufficient funds to cover the same. All of the checks were cashed in the Marks Drug and Department Store, Inc., located in Roseburg, Douglas County, Oregon, and all of them were thereafter returned with the notation "insufficient funds".

Prosecution was instituted on one of the several checks, charging the petitioner herein with obtaining money under false pretenses. The petitioner was thereafter located in Oklahoma City as a fugitive from Oregon; this extradition proceeding was instituted and her arrest affected for return to the State of Oregon to answer said charge, which had been brought under the provisions of § 165.205 of the Oregon stat-

utes, defining crime. The statute is as follows:

"Obtaining property by false pretenses. (1) Any person who, by any false pretenses or any privity or false token, and with intent to defraud, obtains or attempts to obtain from any other person, any money or property, or who obtains or attempts to obtain with like intent the signature of any person to any writing, the false making of which would be punishable as forgery, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than $500, or by both such fine and imprisonment. * * *"

The charging part of the information is as follows:

"That the said Mary Starks on the 31st day of May, A.D. 1961, in the county of Douglas, State of Oregon, then and there being, did then and there unlawfully and feloniously, with intent to injure and defraud, falsely pretend to one Mildred Hites, an employee of Marks Drug and Department Store, incorporated, Roseburg, county and state aforesaid, that she the said Mary Starks, had on deposit with the First National Bank of Roseburg, Roseburg, county and state aforesaid, the sum of Twenty-five and no/100 Dollars ($25.00) and that a certain bank check drawn on said bank for said sum of money, dated the 31st day of May, 1961, signed 'Mary Starks', and then and there delivered by her to the said Mildred Hites was a good and valid check for said sum of money, by means of which false pretenses and fraudulent check the said Mary Starks did then and there unlawfully and feloniously obtain from the said Mildred Hites merchandise and cash, lawful money of the United States of America of the total sum of Twenty-five and no/100 Dollars ($25.00), the property of Marks Drug and Department Store, Incorporated, and the said Mildred Hites was then and there induced by said false pretenses to accept said bank check and to give therefor merchandise and cash of the total value of Twenty-five and no/100 Dollars, ($25.00) whereas, in truth and in fact, the said Mary Starks did not then and there have on deposit in said bank, subject to check, the said sum of money, and the said bank check was neither good nor valid, but was void and worthless, all of which she, the said Mary Starks, then and there well knew, said act of defendant being contrary to the statutes in such cases made and provided" etc.

It was urged before this court that the information does not charge a crime, since the statute does not "necessitate that the property taken be of any value", it being contended the charge would be a misdemeanor only, and not an extraditable offense under the constitution and laws of the United States of America and of the statutes of the state of Oregon.

It was further asserted that the construction of including misdemeanors as indictable offenses has grown up in the last quarter of a century under the Uniform Extradition Laws of the several states. It was urged that by such proceedings as the one here involved, the rights of the people are being gradually chiseled away.

■ We are of the opinion that the information does state a cause of action under the statutes of the state of Oregon, but its sufficiency as a criminal pleading is for determination of Oregon, the demanding state. People ex rel. Moore v. Skinner, 284 App.Div. 770, 135 N.Y.S.2d 107. It defines an extraditable crime under the Constitution and the laws of the United States (Art. IV, § 2, hereinafter set forth), and the laws of the state of Oregon.

■ Conceding, for the purpose of this proceeding, that the information only charges a misdemeanor under the constitution and extradition laws of the United

States and the States, the offense constitutes a crime and is extraditable. Such has long been the holding of our courts. In support of this conclusion, we quote from Ex parte Commonwealth of Kentucky v. Dennison, 24 How. 66, 65 U.S. 66, 16 L.Ed. 717, 726, as follows:

"This brings us to the examination of the clause of the Constitution which has given rise to this controversy. It is in the following words:

" 'A person charged in any state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime.' [Art. IV, § 2 U.S. Const.]

"Looking to the language of the clause, it is difficult to comprehend how any doubt could have arisen as to its meaning and construction. The words, 'treason, felony or other crime', in their plain and obvious import, as well as in their legal and technical sense, embrace every act forbidden and made punishable by the law of the state. The word 'crime' of itself includes every offense, from the highest to the lowest in the grade of offenses, and includes what are called 'misdemeanors', as well as treason and felony."

See also 25 C.J. p. 256 § 98; 35 C.J.S. Extradition § 7, p. 388.

In the above case, Chief Justice Taney gave an excellent historical résumé of the law of extradition. The principles here involved of extradition existed among the plantation owners in Massachusetts and Connecticut as early as 1643. In future years it was adopted in a compact between the states under the Articles of Confederation as available for "treason, felonies and high misdemeanors". But when the colonies formed the Union, and provision for extradition among the states was adopted, the words "or other crime" were substituted for "or for other high misdemeanor". As Justice Taney said, "Thereby showing the deliberate purpose to include every offense known to the law of the state from which the party charged had fled."

Hence, it is of no concern as to whether the Oregon information charged a felony or a misdemeanor, since both are extraditable under the Constitution of the United States, and the laws of the states.

It is therefore apparent that the writ must be, and is, accordingly, denied.

NIX, P. J., and BUSSEY, J., concur.