Lester Jewell GLOVER *v.* STATE of Arkansas

CR 74-75                                    515 S.W. 2d 641

Opinion delivered November 18, 1974

*Acchione & King,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that the circuit court erred in refusing to release him from custody on his petition for habeas corpus. He was held on a warrant issued by the Governor of Arkansas honoring the requisition of the State of Texas for his extradition upon a charge of Driving While Under the Influence of Intoxicating Liquor alleged to have been committed in McLennon County, Texas, on April 9, 1972. Appellant asserts that the affidavit upon which the charge by information was made was insufficient to show that appellant had committed a crime in Texas and that the offense charged is a petty offense for which an alleged offender is not extraditable. Since we do not agree with either contention, we affirm.

The affidavit was made by one Oron Land, who deposed that "Lester Jewell Glover in the County of McLennon, and State of Texas, heretofore on or about the 9th day of April, A.D. 1972, did then and there unlawfully drive and operate a motor vehicle in and upon a public highway, there situate, while he, the said Lester Jewell Glover was under the influence of intoxicating liquor against the peace aad dignity of the State." Appellant quotes the applicable Texas Statute Art. 6701*l*-1, "Intoxicated Driver; Penalty," [Vernon's Annotated, Revised Civil Statutes of State of Texas, Vol. 19 ½ (Pamphlet Supp. 6701*l*-1] as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while

such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor and upon conviction shall be punished by confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars. Provided, however, that the presiding judge in such cases at his discretion may commute said jail sentence to a probation period of not less than six (6) months."

The Arkansas Uniform Criminal Extradition Act permits the recognition of a written demand for extradition of one charged with a crime in the demanding state when it is accompanied by a copy of an indictment, or an information supported by affidavit to the facts or by affidavit before a magistrate. Ark. Stat. § 43-3003, 43-3005 (Repl. 1964). This act must be considered along with the federal statutes, because the federal act controls where there is an inconsistency, but the legislature of the asylum state may permit its Governor to surrender a fugitive on terms less exacting than those imposed by Congress. *Gulley* v. *Apple,* 213 Ark. 350, 210 S.W. 2d 514.

After the requisition has been honored by the Governor, the circuit court can consider a petition for habeas corpus for only two purposes, i.e., to establish the identity of the prisoner and to determine whether he is a fugitive, if the requisition shows facts necessary to return of the alleged fugitive. *State* v. *Allen,* 194 Ark. 688, 109 S.W. 2d 652. The only question involved here is the sufficiency of the requisition, and the answer turns upon the question whether there is a substantial charge of a violation of the laws of Texas. *Stuart* v. *Johnson,* 192 Ark. 757, 94 S.W. 2d 715.

Appellant places his principal reliance upon *Kirkland* v. *Preston,* 385 F. 2d 670 (D.C. Ct. App. 1967) wherein it was held that a police officer's affidavit stating the crime of arson in the conclusory language of the Florida statute was insufficient to show probable cause. We note that there was no verified information in *Kirkland,* however, as there is in this case. Even if this is not an appropriate distinction, there is respectable authority holding that, under the Uniform Ex-

tradition Act, charging the accused with a crime substantially in the language of the statute upon which it is purported to be based will not be held insufficient for want of a precise or technical accusation. *Ex Parte Hubbard,* 201 N.C. 472, 160 S.E. 569, 81 A.L.R. 547 (1931); *State v. Booth,* 134 Mont. 235, 328 P. 2d 1104 (1958). Statutes concerning rendition and extradition are not to be construed narrowly and technically by the courts, but liberally, in order to effectuate their purposes. *People v. Sheriff,* 225 App. Div. 156, 232 N.Y.S. 217 (1929).

It is quite generally held that an affidavit in accordance with the standards of the criminal procedural law of the demanding state is a sufficient charge of an offense against the laws of that state to warrant extradition and that its sufficiency must be tested by the laws of that state. *Ex Parte Paulson,* 168 Ore. 457, 124 P. 2d 297 (1942); *People v. Sheriff,* 251 N.Y. 33, 166 N.E. 795 (1929); *Collins v. Traeger,* 27 F. 2d 842 (9 Cir., 1928); *Goodale v. Spain,* 42 App. D.C. 235 (1914); *In Re Acton,* 103 N.E. 2d 577 (Ct. App. Ohio 1949); *People v. Moran,* 137 Misc. Rep. 905, 244 N.Y.S. 590 (1930); *Annot,* 40 A.L.R. 2d 1151, 1161 (1956). It is not for the asylum state to apply its own rules of procedure. *People v. Sheriff,* 251 N.Y. 33, 166 N.E. 795 (1929). See also *Ex Parte Reggel,* 114 U.S. 642, 5 S.Ct. 1148, 29 L. Ed. 250, 5 Am. Crim. Rep. 218 (1884); *People v. Babb,* 415 Ill. 349, 114 N.E. 2d 358, 40 A.L.R. 2d 1142 (1953).

It is quite clear that the affidavit in this case is sufficient to support a charge of driving while intoxicated in violation of the Texas statute. *Cisco v. State,* 411 S.W. 2d 547 (Tex. Cr. App. 1967). Consequently, we hold that appellant was lawfully charged by information supported by an affidavit as to the facts, in the sense of Ark. Stat. Ann. § 43-3005 III (Repl. 1964), sufficiently to warrant the issuance of the warrant of extradition by the Governor. Affidavits couched in language just as conclusory as that in this case have been held sufficient for extradition purposes in other jurisdictions. See, e.g. *People v. Mulcahy,* 392 Ill. 290, 64 N.E. 2d 474 (1945).

Appellant's second contention is completely without merit. We cannot in good conscience relegate an offense which might carry a penalty of two years in jail, in addition to

a fine as large as $500.00, to the category of a petty offense. The Texas statute makes the offense charged a misdemeanor. Even though it is now codified in the Revised Civil Statutes of Texas, as appellant points out, the offense is still a misdemeanor and is still punishable as a crime. Even though our statute covering this offense is digested under the title "Motor Vehicles, Traffic on Highways" and not the title "Criminal Offenses," appellant is the first to suggest to this court that this misdemeanor is not criminal in nature under Arkansas law.

The provisions of Article 4 § 2 of the U.S. Constitution include every offense punishable by the law of the state in which it is alleged to have been committed. *Ex Parte Reggel,* 114 U.S. 642, 5 S. Ct. 1148, 29 L. Ed. 250 (1884), 5 Am. Crim. Rep. 218; *Kentucky* v. *Dennison,* 65 U.S. 66, 16 L.Ed. 717 (1860); *Starks* v. *Turner,* 365 P. 2d 564 (Okl. 1961); *People* v. *Babb,* 415 Ill. 349, 114 N.E. 2d 358, 40 A.L.R. 2d 1142 (1953); *Ex Parte Hubbard,* 201 N.C. 472, 160 S.E. 569 (1931); *Annot,* 40 A.L.R. 2d 1151, 1152 (1955). Misdemeanors are definitely extraditable offenses. *Ex Parte Reggel,* supra; *Kentucky* v. *Dennison,* supra; *Starks* v. *Turner,* supra.

Since we find no merit in appellant's points for reversal, the judgment is affirmed.