Billy Gene CARRICO *v.* James PEARSON,
Sheriff of Benton County

CR 77-120                                     555 S.W. 2d 951

Opinion delivered October 3, 1977
(Division I)

*Festus H. Martin,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Billy Gene Carrico petitions

this court for a writ of habeas corpus. He is presently being held by the sheriff of Benton County pursuant to an extradition warrant issued by the Governor of the State of Arkansas at the request of the Governor of the State of Oklahoma. We deny the petition because the rendition warrant issued by the Arkansas governor on its face is valid.

Essentially the facts are undisputed. Carrico was arrested for driving while intoxicated and received a 29 day jail sentence. He began serving his sentence in the Benton County jail and would have served his term by the 23rd or November, 1976. The sheriff of Benton County received notice from an Oklahoma sheriff that there was an outstanding warrant on one Billy Gene Carrico and requested the sheriff of Benton County to keep Carrico until he could be extradited.

The sheriff kept Carrico beyond his sentence for the DWI, without lawful authority, for about 63 days. On February the 11th, 1977, an extradition hearing was held in Little Rock and the Governor of the State of Arkansas issued a rendition warrant for Billy Gene Carrico to be delivered to the State of Oklahoma on charges of burglary of a cash register and failure to appear for trial as ordered by the court.

In his petition Carrico alleges that the governor's rendition warrant is not accompanied by the proper papers and is issued contrary to federal law. It is not necessary that the rendition warrant issued by the Governor of Arkansas to a sheriff have attached to it the original information and papers furnished by the requesting state. The rendition warrant, if properly issued, as this one appears to be, is presumed valid on its face.

Carrico also states that federal law requires that an indictment or affidavit before a magistrate be issued by the requesting state before it can be honored. 18 U.S.C. § 3182 (1970). In this case the record indicates that an information filed by a prosecuting attorney and other papers were furnished to the Governor of Arkansas. Arkansas law recognizes that an information supported by an affidavit is adequate to meet the requirements of extradition. See Ark. Stat. Ann. § 43-3003 (Repl. 1964).

Unfortunately Carrico was held without lawful authority beyond his jail term on the DWI charge. That is not disputed. However, he did not file his petition for release until after the Governor of Arkansas had issued a rendition warrant for him to be delivered to the State of Oklahoma. The fact that he was improperly held by the sheriff before this rendition warrant is not a reason for us to now grant a writ of habeas corpus. That is another matter.

The trial judge correctly conducted a hearing in this case on only two issues: to determine if Carrico was a fugitive and if, in fact, he was the person charged in the governor's rendition warrant. *Glover* v. *State,* 257 Ark. 241, 515 S.W. 2d 641 (1974). The court found against Carrico on both issues and we find substantial evidence to support the findings of the trial court.

Writ denied.

We agree: GEORGE ROSE SMITH, HOLT and ROY, JJ.