Frank SMITH *v.* Bill CAUTHRON, as Sheriff of
Sebastian County

CR 81-124                                          631 S.W. 2d 10

Supreme Court of Arkansas
Opinion delivered April 5, 1982

*John W. Settle,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The Sebastian County Circuit Court rejected appellant's petition for a writ of habeas corpus wherein he sought release from confinement being imposed pursuant to the Governor's arrest warrant on extradition proceedings. This appeal is based solely upon the grounds that the court erred in failing to grant the writ. We hold the trial court acted properly in denying the petition for a writ of habeas corpus.

On February 18, 1981, the Fort Smith Police Department received a teletyped message from the Newport News, Virginia, Police Department that one Frank Smith was wanted in Virginia on a warrant charging him with

embezzlement. They furnished the Fort Smith officers the name, address and telephone number where Frank Smith could be contacted. Two officers proceeded immediately to the address, found the appellant and informed him he was wanted on a warrant in Newport News, Virginia. They placed him under arrest to be held for the Virginia authorities. After arriving back at the station the officers recontacted the Virginia authorities, both by teletype and telephone, and were furnished more details about the warrant. While at the police station, appellant admitted he had been employed by the people who had caused the warrant to be issued but denied that he took any money. An information sheet and arrest report were made out which included the appellant's date of birth and social security number. It later developed that the date of birth was exactly two years off and the social security number had the two middle numbers different from the information received from Virginia.

The appellant remained in the Sebastian County jail until his petition for habeas corpus was heard on August 27, 1981. In the meantime, on April 8, 1981, the Governor of Arkansas issued his warrant ordering appellant extradited. Appellant is, of course, being held subject to disposition of this case on appeal.

The only issue before the court is whether the Governor's warrant of arrest was valid. It appears valid on its face as does the requisition from the Governor of Virginia. This case is almost on all fours with the case of *Cadle & Pierce* v. *Cauthron, Sheriff,* 266 Ark. 419, 584 S.W. 2d 6 (1979). There we pointed out that the Constitution of the United States, art. 4, § 2, cl. 2, states:

> A person charged in any State with Treason, Felony, or other Crime who shall flee from Justice and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

We also pointed out in *Cadle & Pierce* that Arkansas had adopted the Uniform Criminal Extradition Act [Ark. Stat.

Ann. §§ 43-3001 — 3030 (Repl. 1977)], which is essentially the same as the provisions of 18 United States Code § 3182 which in turn reflect the same provisions as the federal constitution quoted above.

After the Governor issues his warrant the only matters which can be considered by the court, when extradition is contested, are (1) whether the party detained is the person named in the warrant and, (2) whether he is a fugitive. *Glover* v. *State*, 257 Ark. 241, 515 S.W. 2d 641 (1974).

The facts reveal the Virginia authorities contacted the Arkansas authorities and furnished appellant's name, address and telephone number. The appellant was picked up at this address almost immediately. Later on the same day the Fort Smith police learned the name of the employer from whom the appellant was alleged to have taken funds. Appellant admitted having been employed by that employer in Newport News but denied he took any funds. The minor error in the social security number and the date of birth resulted from information furnished by the appellant after he was taken into custody and informed there was a warrant in Virginia for his arrest. The above unrefuted facts are substantial evidence which could properly be used to determine the appellant was indeed the man named in the Virginia warrant and that he was a fugitive. The requisition from the Governor of Virginia shows facts necessary to return the appellant to the state, thus everything being in proper order the judgment below is affirmed.

Appellant argues that his initial arrest was violative of his constitutional rights, and that subsequent actions culminating in the Governor's warrant were illegal. Once the Governor's warrant has issued we cannot review upon appeal anything other than what has previously been set out. Therefore, we do not consider the manner of the initial apprehension and the detention which could have been questioned prior to the issuance of the Governor's warrant.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I concur in the decision because the names in this case were identical. That is, Frank Smith conceded that he was the prisoner and that is the name of the person demanded. In such a case a presumption exists that must be rebutted. *Lindley* v. *Crider*, 223 Ark. 200, 265 S.W. 2d 498 (1954); *In Re: Extradition of D'Amico*, 177 F. Supp. 648 (D.C. N.Y. 1959); *Fernandez* v. *Phillips*, 268 U.S. 311 (1925).