Edgar McCRAY *v.* STATE of Arkansas

CR 86-56                                                715 S.W.2d 878

Supreme Court of Arkansas
Opinion delivered September 22, 1986

*Banks & Ritchey*, by: *Charles A. Banks*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. █ This is an appeal from an order of the circuit court denying a writ of habeas corpus. We affirm the order. The trial judge correctly ruled that the only two issues in a habeas corpus hearing, after a governor's rendition warrant on a request for extradition has been issued, are whether the detained party is the person named in the warrant and whether he is a fugitive. *Smith* v. *Cauthron*, 275 Ark. 435, 631 S.W.2d 10 (1982); *Glover* v. *State*, 257 Ark. 241, 515 S.W.2d 641 (1974). Both questions were answered in the affirmative by a stipulation between the parties; McCray was wanted in Georgia on the charge, and he had been there at the time of the alleged offense.

McCray argued to the lower court and he argues to us that he was illegally arrested and detained and this voids the governor's rendition warrant.

We have no record except the lawyers' statements to the trial judge. McCray was arrested in Gosnell, Mississippi County, Arkansas, on October 25, 1985, on a traffic offense. A computer check indicated a possible outstanding warrant for McCray's arrest in the State of Georgia. Evidently, the charge, trafficking in cocaine, was confirmed the next day. A week later, a municipal court hearing was held at which time bond was set. The sheriff apparently would not approve a property bond. Three days later another hearing was held in municipal court, and another bond was set. Again, the sheriff would not approve a property bond. A circuit court hearing was held on November 15, 1985, and no relief was granted. We have no record from any of those court appearances.

This habeas corpus hearing occurred on January 6, 1986,

before a different circuit judge.

The trial judge was right not to go beyond the two questions pertinent to this hearing.

Affirmed.