Robert DOOLEY *v.* STATE of Arkansas

CA 99-1194                                    17 S.W.3d 503

Court of Appeals of Arkansas
Division III
Opinion delivered May 24, 2000

*John W. Rife*, Yell County Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Todd L. Newton*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Robert Dooley appeals from the denial of his petition for writ of habeas corpus by the Yell County Circuit Court. Dooley was detained by Yell County when it was learned during a routine traffic stop that he was wanted by Texas authorities for violating his parole by leaving Texas without permission, and Texas subsequently sought his extradition. On appeal, Dooley argues that the trial court erred in denying his petition because he was unconditionally released from prison according to Texas law, and therefore was not subject to the terms and conditions of parole. We affirm the trial court's denial of the writ.

Dooley was sentenced in Texas on July 14, 1984. He was given a conditional release on November 23, 1992, however, he refused to sign the terms and conditions of his release. One of the conditions was that he would not leave the state of Texas without permission. During a routine traffic stop, an officer from Yell County discovered that Dooley was wanted out of Texas. The Texas Parole Department had filed a warrant stating that Dooley had violated the terms and conditions of his parole by leaving the state without

permission. On May 26, 1999, an extradition-waiving hearing was held, and the court declared Dooley indigent, appointed him a public defender, and set a bond. Dooley subsequently filed a petition for a writ of habeas corpus in Yell County Circuit Court. A Governor's warrant was issued for Dooley's arrest between the filing of the petition and the setting of the hearing.

At the hearing on July 20, 1999, Dooley argued that he was not on parole under Texas law. Dooley contended that he is not subject to the condition that he not leave the state of Texas without permission, which is the basis for the Texas warrant, because he refused to sign the document regarding the terms and conditions of his release. Dooley argued that in order for the trial court to determine whether or not he was on parole, it needed to look at the parole requirements of Texas. The trial court denied Dooley's petition for writ of habeas corpus, finding that (1) he is the individual being sought; (2) there is an outstanding Governor's warrant; and (3) the Texas court system should decide whether or not he is in violation of the terms of his parole or probation. Dooley was returned to Texas. This appeal followed.

On appeal, Dooley argues that the trial court erred in denying his petition for a writ of habeas corpus. Dooley argues that the Governor's warrant was facially defective because he was not on parole under Texas law, and therefore could not flee from a charge for which he is not guilty. In support of his argument, Dooley referred to a document that was attached to the Governor's warrant entitled "Rules and General Conditions of Mandatory Supervision Release as Provided by the Texas Department of Criminal Justice Pardons and Paroles Division Article 42.18." According to this document, one of the conditions of parole is that the parolee is not allowed to leave the state of Texas without the prior, written permission of the parole officer. At the bottom of the parole document, there is a line for the inmate to sign and agree to these conditions; however, Dooley refused to sign the document. Dooley argues that he was in essence unconditionally released because he did not sign the parole document, and therefore could not flee from Texas because he was not on parole. Dooley's argument is without merit.

After a Governor's rendition warrant on a request for extradition has been issued, the only two issues to be addressed in a habeas corpus hearing pertaining to the extradition request are

whether the detained party is the person named in the warrant and whether he is a fugitive. *McCray v. State*, 290 Ark. 14, 715 S.W.2d 878 (1986); *Glover v. State*, 257 Ark. 241, 515 S.W.2d 641 (1974).

■ In *Smith v. Cauthron*, 275 Ark. 435, 631 S.W.2d 10 (1982), citing *Pierce v. Cauthron*, 266. Ark. 419, 584 S.W.2d 5 (1979), the supreme court noted that the Constitution of the United States, art. 4, § 2, cl. 2, states:

> A person charged in any State with Treason, Felony, or other Crime who shall flee from Justice and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

■ In *Stuart v. Johnson*, 192 Ark. 757, 94 S.W.2d 715 (1936), Stuart was arrested in Craighead County upon a warrant charging her with having committed embezzlement in the state of Oklahoma and with having fled from that State. Stuart argued that the offense charged was barred by the statute of limitations. The supreme court stated: "That may be, or she may have been a fugitive so as to prevent the statute bar from attaching. At any rate, that is a matter of defense which may be offered in defense of the charge, but not here." *Id.*

■ The evidence in this case established that Dooley was arrested and sentenced in Texas in July 1984 for a criminal offense committed in Texas. He was released on parole from the Texas Department of Correction on November 23, 1992. Dooley subsequently left Texas and came to Arkansas and was arrested during a routine traffic stop because of an outstanding Texas warrant. Dooley is a fugitive from justice within the meaning of the requisite laws. As in *Stuart,* the question of whether Dooley may have a defense to the Texas charge is not one that may be addressed by the Arkansas trial court. Therefore, the Arkansas trial court properly refused to discharge him. *See also Letwick v. State,* 211 Ark. 1, 198 S.W.2d 830 (1947).

Affirmed.

CRABTREE and KOONCE, JJ., agree.